124 N.J. Super. 373 (1973)
307 A.2d 121
STANLEY OLEN, PLAINTIFF-APPELLANT,
v.
SARAH OLEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1973.
Decided June 27, 1973.
*374 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. Stanley Olen, appellant, argued pro se.
Mr. Andreas A. Boyadjis, attorney for respondent, filed a statement in lieu of brief.
PER CURIAM.
At the conclusion of a trial of this action for divorce held on September 14, 1972, at which both parties were represented by attorneys, the trial court ruled:
I am satisfied that the testimony supports the allegations of the complaint, that the defendant is guilty of willful and continuous desertion for more than 12 months prior to the filing of the complaint and on a counter claim that there has been a separation for more than 18 months; the parties having lived in separate habitations and there being no reasonable prospect for reconciliation. Therefore, there will be a judgment on the complaint and on the counter claim dissolving the marriage.
The determination here, Mr. Boyadjis, is merely that the desertion is willful and continuous but there will be the privilege reserved to *375 introduce the issue of marital fault including the right to cross examine the plaintiff on your part and Mr. Dalena's right to cross examine the defendant with regard to any reasons of marital fault as they may relate to property distribution.
On October 19, 1972, the court heard and granted a motion by defendant requiring plaintiff to answer interrogatories and to submit to examination on depositions. At the same time the court granted a motion by plaintiff's attorney to be relieved as counsel.
Although plaintiff had notice that the last mentioned motions were to be argued on October 19, 1972, he did not appear. He says that he arrived in the courtroom after the motions had been heard and decided. On October 30, 1972 he filed, without leave of court, a "notice of appeal" to this court from the several rulings made by the trial court on October 19, 1972.
By motion returnable October 27, 1972, defendant's attorney moved to settle the form of the judgment of divorce. Although the affidavit filed by defendant's attorney states that he served a copy of the proposed judgment on plaintiff, plaintiff denies that he received it. In any event, the motion was granted and the judgment of divorce in the form annexed thereto was signed on November 1, 1972.
However, the final judgment so entered recited only the court's finding that defendant had proved a cause of action entitling her to a divorce under the 18 month provision of the Divorce Act and,
"Ordered and Adjudged that pursuant to the statute in such case made and provided, the marriage between the parties is dissolved."
Instead of taking the proper course of moving in the trial court for an amendment of the final judgment, so that it would embody all the determinations made by the trial court at the hearing of September 14, 1972, plaintiff, on November 10, 1972, filed an amended notice of appeal dated November 8, 1972 in this court, appealing from the final judgment.
*376 Plaintiff's appeal from the order  granted at the hearing of October 19 and signed on November 10, 1972  requiring him to submit to depositions is without substance. The court did not abuse its discretion in entering that order. Further, the issue is moot since plaintiff complied with the order and testified after this court, on December 1, 1972, denied plaintiff's application for a stay and permitted the scheduled deposition to proceed.
However, plaintiff is correct in his contention that the judgment of divorce should have recited not only the court's finding that defendant had proved her counterclaim, but also its finding that plaintiff had proved, as alleged in his complaint, a cause of action for divorce based on defendant's willful and continuous desertion for more than 12 months.
The judgment of divorce should therefore be amended, nunc pro tunc as of November 1, 1972, to embody all the findings and conclusions  quoted above  of the trial court at the end of the September 14, 1972 hearing.
Plaintiff notes that defendant died on December 22, 1972 and contends that we should rule "that no divorce has been in effect until a Corrected Final Judgment is filed." The contention is advanced with the apparent hope that acceptance thereof would permit plaintiff to successfully urge that since he has survived his wife he is the sole owner of property which they had held by the entireties, instead of being limited to a claim as a tenant in common under the settled rule that "an absolute divorce * * * converts an estate by the entirety into a tenancy in common." DiSanto, et al. v. Adase, 116 N.J. Super. 226, 228 (App. Div. 1971).
Even were we to disregard (1) the fact that a judgment of divorce was entered and (2) plaintiff's unexplained failure to apply to the trial court before his wife died and before an appeal was taken for an amendment of the judgment, there is no justification for or merit to plaintiff's contention.
Even if no judgment had been entered before defendant wife's death, the court would be called upon to enter a judgment, *377 nunc pro tunc as of the date of its ruling, in accordance with its findings and conclusions. Clark v. Van Cleef, 75 N.J. Eq. 152, 157 (Ch. 1908); Bugbee v. Van Cleve, 100 N.J. Eq. 263, 271 (Prerog. 1926); Vogler v. Vogler, 98 N.J. Eq. 421, 425 (Ch. 1925); Annotation, Divorce Suit  Death of Party, 104 A.L.R. 654, 664 (1936).
"The general rule * * * is that, if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party." [104 A.L.R. 664]
The cause is remanded to the trial court for entry, nunc pro tunc as of November 1, 1972, of an amended final judgment as above provided. In all other respects the judgment and order appealed from are affirmed.