141 N.J. Super. 111 (1976)
357 A.2d 310
STANLEY OLEN, PLAINTIFF-APPELLANT,
v.
TERRENCE MELIA AND KENNETH MELIA, DEFENDANTS-COUNTERCLAIMANTS RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 12, 1976.
Decided May 4, 1976.
*112 Before Judges CARTON, CRAHAY and HANDLER.
Messrs. Bloom, Drobner and Javerbaum, attorneys for appellant (Mr. Kenneth S. Javerbaum on the brief).
Mr. Andreas A. Boyadjis, attorney for respondents (Messrs. Nicholas Saros and Andreas A. Boyadjis on the brief).
PER CURIAM.
In this matrimonial action defendant wife died before entry of judgment and the controversy continues between plaintiff husband and the children of the wife by another marriage. On this appeal plaintiff challenges the propriety of various rulings of the trial judge as *113 to equitable distribution and related issues. We are not persuaded that any of plaintiff's arguments justifies reversal or modification of the judgment.
The home in which the couple resided was acquired after the marriage and was a marital asset subject to equitable distribution. This is so irrespective of whether the down-payment was made from the husband's prior savings and irrespective of whether he made the mortgage payments from his income. Despite the circumstances surrounding the marriage and the wife's ultimate desertion, it cannot be said that during the period the parties lived together the wife did not contribute to the increase in value of the home, even though her contribution was not of a pecuniary nature. See Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), certif. den. 69 N.J. 391 (1976). The modest allowance of 15% of the value of the home, determined as of the date of the complaint, does not strike us as unwarranted.
Nor are we persuaded that the trial court improperly allowed counsel fees in favor of the wife's estate or heirs. The action was a matrimonial one. Although suit for divorce would ordinarily abate with the death of the wife, the other aspects involving, as here, the disposition of marital property would not and should not abate. Neither the letter nor the spirit of the law is violated by the allowance of counsel fees in this case. We are not convinced that under the circumstances presented by the record the amount the court allowed constituted an abuse of discretion.
Affirmed.