146 N.J. Super. 491 (1976)
370 A.2d 65
GERTRUDE ANN JACOBSON, PLAINTIFF,
v.
BERNARD JACOBSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 8, 1976.
*492 Mr. James A. Geller, attorney for plaintiff.
Ms. Libby E. Sachar, attorney for defendant.
HARTMAN, J.S.C.
Pending a divorce action brought by a wife she was killed. Does her death at the hands of the husband abate her claim for equitable distribution of property? This is a novel question presented by the husband's motion to have the divorce action and all her requests for relief abated, contending this court has lost all jurisdiction.
The wife's verified complaint for divorce was based on extreme cruelty. The complaint also prayed for custody, alimony, child support, equitable distribution, counsel fees and costs. There are four children of the marriage; three continue to live in the marital home. The oldest child is in a mental institution. It is nowhere stated whether the commitment was voluntary or involuntary. The papers on file do not indicate that any of the children are emancipated. The husband is in jail charged with the criminal offense.
*493 Divorce, as well as alimony, abates with the death of plaintiff. Sutphen v. Sutphen, 103 N.J. Eq. 203 (Ch. 1928). These are personal rights and die with her. That part of Sutphen which abated her counsel fees and costs has been overruled by Williams v. Williams, 59 N.J. 229, 234 (1971). Issues of custody and support of children do not abate, as I will remark upon later. I therefore grant defendant's motion as to the divorce and alimony. I will now speak to the remaining issues.
The parties were married for 24 years. Discovery has not yet been taken. The papers show that, at the least, there is a marital home; a drug store operated by the husband  recently sold with the approval of this court, the net proceeds of which have been ordered held in escrow pending further orders; additional cash amounts, both disclosed and undisclosed, valued in excess of $100,000. The husband does not contend that any of these assets were not acquired during the marriage.
The novel question is whether, by reason of the deceased wife's inability to pursue her divorce action, her estate and her heirs should be deprived of her rightful entitlement to equitable distribution.
The alimony section of the Divorce Act, N.J.S.A. 2A:34-23 provides, among other things:
In all actions where a judgment of divorce is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. [Emphasis supplied]
The wife's cause of action alleged extreme cruelty. The complaint particularized acts and conduct of the husband which, if true, carried the probability of success if the case had proceeded to final hearing. The complaint was verified. R. 4:79-7 provides that *494 All elements of a claim for divorce or nullity may be proved without corroboration.
Thus, we have before us a verified complaint which presented a prima facie case for divorce. If the wife had lived and secured her divorce, the court would have dealt with the assets and property of the parties, allocated those in an equitable manner between them and then would have considered the matters of custody, alimony and the rest. This is now impossible, made so by the homicide.
We do not know what will result from the criminal charges presently pending against the husband. If he is found to be innocent of those charges, I would not hesitate to rule that the issue of equitable distribution abated with the death of the wife. The statute, cited above, if paraphrased to read that the court may award equitable distribution where a divorce is entered, would appear to mean that a divorce should be pronounced by the court before equitable distribution is determined. The entry of a divorce is normally the first step taken before equitable distribution comes into play. But, suppose it should develop, in the criminal action against the husband, that the wife's death was not the result of accident or carelessness, but did occur as a result of his intentional act? This disturbs me.
If I were to abate the issue of equitable distribution because the wife is dead, then no equitable distribution takes place because no divorce can be entered. The assets in the name of and held by the husband would remain his, undisturbed. If it should develop that he is responsible for his wife's death, then he would be profiting by his own wrongdoing. The four children of this marriage, the heirs of the wife and the natural objects of her bounty, would thus be deprived of rights which are important property rights to them.
"No one should be allowed to profit [from] his own wrong." This was the law established in this state in Whitney v. Lott, 134 N.J. Eq. 586 (Ch. 1944), announcing *495 the legal principle that the felonious killer of a testator, who inherits under the last will and testament, cannot take; equity imposed a constructive trust on such inheritance in favor of the other rightful heirs. The court invoked the common law principle against permitting one to profit by his own wrong. This ruling was followed in Estate of Kalfus v. Kalfus, 81 N.J. Super. 435 (Ch. 1963); Estate of Wolyniec v. Moe, 94 N.J. Super. 43 (Ch. 1967).
In Neiman v. Hurff, 11 N.J. 55 (1952), the husband had killed his wife and pleaded non vult to an indictment for second degree murder, for which he was confined. There was an estate by the entirety and jointly held corporate stock. Normally these assets would vest in the survivor. Chief Justice Vanderbilt, speaking for the court, pointed out that the wrongful act of the husband had "prevented the determination in the natural course of events of whether he or his wife would have survived the wrongdoer." The husband was estopped from using mortality tables. Equity therefore applied a conclusive presumption, for "in no other way can complete justice be done and the criminal prevented from profiting through his crime." This holding was followed in Small v. Rockfeld, 66 N.J. 231 (1974).
It should be noted that if a wrongdoer is convicted of a crime of a lesser degree than murder, it is just as effective in excluding him from an inheritance. It was so held in Jackson v. Prudential Ins. Co. of America, 106 N.J. Super. 61 (Law Div. 1969), citing authorities, wherein the court held:
It is clear from these cases that the underlying principle is not so much whether the homicide is technically classified as murder or manslaughter, or, in the latter case, whether the manslaughter is voluntary or involuntary, altho the essential elements of each offense are important. The true test is whether the beneficiary intentionally took the life of the insured. [citing case; at 72]
In Olen v. Melia, 141 N.J. Super. 111 (App. Div. 1976), the deserting wife was the defendant. She died after the *496 divorce was pronounced but before the formal entry of the judgment. It was held that equitable distribution did not abate. The opinion, unfortunately, included a clause that reads (at 113), "Although suit for divorce would ordinarily abate with the death of the wife * * *." The husband seizes upon this language to contend that until such time as the judgment of divorce is signed, abatement of the action by death remains an available remedy. Not so. He should have reviewed the first opinion in Olen v. Melia by the Appellate Division, appearing in 124 N.J. Super. 373 (1973), where it was held that death after the trial judge grants a divorce, but before judgment is entered, does not abate the action. In such cases the judgment is entered nunc pro tunc. The brief opinion in Olen II simply held that equitable distribution did not abate, and affirmed the trial judge's affirmative finding on that issue.
I think that a fair reading of the alimony statute makes it clear that the Legislature intended that after a divorce is granted a court should then consider the contribution of the wife to the marriage as a wife, mother and homemaker, together with such other factors as are more particularly set out in Justice Mountain's opinion in Painter v. Painter, 65 N.J. 196 at 211, 212 (1974), which need not be repeated here. He aptly pointed out (at 207) that the part of the statute dealing with equitable distribution has no legislative history. It does not appear in the Report of the Divorce Law Study Commission and was not included in the original bill, but was adopted as an amendment to the bill during its passage.
Sitting in equity where we regard as valid the maxim that equity regards that as done which ought to be done, where we follow precedent that a wrongdoer should not profit by his own wrong, it strikes me as wrong, unfair and grossly inequitable to permit the husband in this case to thwart the intent of the Legislature to grant married women rights in property which they never enjoyed before  to recognize their contributions to marriage as wives and homemakers.
*497 I therefore hold that this case presents unusual, tragic facts and circumstances that call out to equity to find a remedy. Equitable distribution is the remedy and I will not abate it. The estate of the deceased wife should be added as a party to the action, with leave to proceed in the interests of her heirs. My decision is based on the tragic circumstances of this case. Other situations should be dealt with on their own peculiar facts.
As to the children, I have already appointed a guardian ad litem for them. He should proceed pursuant to N.J.S.A. 9:2-5 to have a guardian appointed for the children. This statute is applicable in the case of the death of a parent who has custody of children, when the parents have been living apart. In such cases the statute prescribes that "the care and custody of such minor children shall not revert to the surviving parent without an order of judgment of the Superior Court to that effect." It is obvious that since the mother is deceased, and the father in jail, the statute should be utilized for children who are wards of the court and for whom this court is parens patriae.
I should distinguish Kridel v. Kridel, 85 N.J. Super. 478 (App. Div. 1964), in which Judge Goldmann stated: "The mother having died, the father, as natural parent, at once had the right to Michael's custody." N.J.S.A. 9:2-5 was cited. It would at first blush appear that the statement of this eminent jurist is contrary to the statutory language. A reading of Kridel makes it clear, however, that evidence on custody had been taken in the trial court and the language of the opinion following the portion quoted found the father to be a fit parent, thus satisfying the statute.
In conclusion, the husband's motion to abate the divorce and alimony issues is granted. That part of his motion to dismiss the complaint as to custody, child support, equitable distribution, counsel fees and costs is denied.