166 N.J. Super. 546 (1979)
400 A.2d 130
STELLA C. CASTONGUAY, PLAINTIFF-RESPONDENT,
v.
EDWARD GARY CASTONGUAY, DEFENDANT, AND CHRISTINE CASTONGUAY ET AL., INTERVENORS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1979.
Decided May 17, 1979.
*547 Before Judges LORA, MICHELS and LARNER.
Mr. Alfred J. Egenhofer argued the cause for intervenors-appellants (Mr. Engenhofer on the letter brief).
Mr. George Milanos argued the cause for plaintiff-respondent (Messrs. Escala, Crabbe and Milanos, attorneys; Mr. Milanos on the letter brief).
PER CURIAM.
Intervenors-appellants Christine Castonguay, the first wife of defendant Edward Castonguay (now deceased), Deborah Castonguay and Catherine Iacono, two emancipated children born of the marriage between Edward and Christine Castonguay, and Alfred J. Egenhofer, formerly the attorney for Edward Castonguay and now representing the other intervenors-appellants and himself, appeal from an order of the Chancery Division entered August 2, 1978 granting the motion of plaintiff Stella C. Castonguay, the second wife of Edward Castonguay, to dismiss the divorce action commenced by her on February 19, 1976. It is the position of the intervenors that the right of Edward Castonguay to equitable distribution in connection with the divorce action brought against him by Stella C. Castonguay did not abate upon his death.
The record shows that plaintiff Stella C. Castonguay married defendant Edward Castonguay on March 30, 1961. The parties lived together until approximately November 1975 at which time they separated. On February 19, 1976, *548 plaintiff filed a complaint for divorce on the ground of extreme cruelty.
The divorce action was approved for trial on April 29, 1976, was listed for trial on eight dates thereafter, but was adjourned on each occasion. Defendant, apparently as a result of a barroom altercation, was shot, and died intestate on May 10, 1978.
Some time thereafter, plaintiff moved to dismiss the divorce action. The intervenors resisted, arguing that defendant's right to equitable distribution did not abate with his death. In a written opinion dated July 20, 1978, the trial judge found, among other things, that plaintiff was entitled to dismiss the action, that intervenors had "no standing to oppose the motion having never been parties to the action," and, accordingly, denied intervenors' motion for equitable distribution.
It appears that defendant, at the time of his death, had no apparent assets. However, intervenors asserted below that defendant did, in fact, have an interest in the marital home, notwithstanding title was in plaintiff's name alone, as well as in other property acquired by the parties during the marriage. They contend they are entitled to participate in the matter since they are, respectively, (1) defendant's first wife and a judgment creditor of defendant in the amount of $1,620, and entitled to one-third of defendant's estate upon his death by virtue of a separation agreement entered into in October 1960; (2) daughters of the previous marriage and hence defendant's heirs at law, and (3) defendant's former counsel and a creditor of defendant for legal services rendered.
Intervenors bottom their contention that a claim for equitable distribution does not abate with the death of one of the parties principally on Olen v. Melia, 141 N.J. Super. 111 (App. Div. 1976), certif. den. 71 N.J. 518 (1976), and Jacobsen v. Jacobsen, 146 N.J. Super. 491 (Ch. Div. 1976). However, the cited cases are clearly distinguishable. In Jacobsen, supra, defendant husband was criminally *549 charged with his wife's death. Initially recognizing that the statutory basis for equitable distribution would appear to foreclose a distribution of marital property where no judgment of divorce has been entered, the trial judge proceeded, nevertheless, to hold that the estate of the deceased wife was entitled to share in the assets of the marriage. The rationale for this determination was essentially that if the husband were to be found guilty of having killed his wife, and the wife's action for equitable distribution were deemed to have abated, the defendant would have profited from his wrong, contrary to a long-standing equitable maxim.
Significantly, the court noted in the course of its opinion:
We do not know what will result from the criminal charges presently pending against the husband. If he is found to be innocent of those charges, I would not hesitate to rule that the issue of equitable distribution abated with the death of the wife. The statute, cited above, if paraphrased to read that the court may award equitable distribution where a divorce is entered, would appear to mean that a divorce should be pronounced by the court before equitable distribution is determined. The entry of a divorce is normally the first step taken before equitable distribution comes into play. But, suppose it should develop, in the criminal action against the husband, that the wife's death was not the result of accident or carelessness, but did occur as a result of his intentional act? This disturbs me. [146 N.J. Super. at 494; emphasis supplied]
Olen v. Melia, supra, does not support the intervenors' position notwithstanding the opinion in that case contains the following language:
* * * Although suit for divorce would ordinarily abate with the death of the wife, the other aspects involving, as here, the disposition of the marital property would not and should not abate. [141 N.J. Super. at 113.]
There, defendant's wife died after the matter had been tried to conclusion but before entry of an amended divorce judgment. The trial judge had actually granted the divorce and signed a judgment before her death. See Olen v. Olen, 124 *550 N.J. Super. 373 (App. Div. 1973), the forerunner of Olen v. Melia, supra, and where we stated:
Even if no judgment had been entered before defendant wife's death, the court would be called upon to enter a judgment, nunc pro tunc as of the date of its ruling, in accordance with its findings and conclusions. Clark v. Van Cleef, 75 N.J. Eq. 152, 157 (Ch. 1908); Bugbee v. Van Cleve, 100 N.J. Eq. 263, 271 (Prerog. 1926); Vogler v. Vogler, 98 N.J. Eq. 421, 425 (Ch. 1925); Annotation, Divorce Suit  Death of Party, 104 A.L.R. 654, 664 (1936).
"The general rule * * * is that, if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party." [104 A.L.R. 664] [at 376-377]
Here, trial never did get underway and N.J.S.A. 2A:34-23 is controlling. See also, Grange v. Grange, 160 N.J. Super. 153 (App. Div. 1978).
In view of the foregoing it is our conclusion that the death of the defendant husband abated the divorce action and any and all claims for equitable distribution.
The order of the Chancery Division granting plaintiff's motion to dismiss her action for divorce is affirmed.