JAMES, Judge.
The question before the Court is whether jurisdiction over ancillary matters has been defeated by the death of petitioner prior to a hearing on those prayers. C.R.T., petitioner’s executor, is party plaintiff for the purpose of this matter.
On January 8, 1978, petitioner, C.E.W., filed a petition for divorce on the ground of incompatibility. An answer was filed by respondent, H.L.W., denying incompatibility and requesting either that the petition be dismissed with prejudice or, in the alternative, if the petition should be granted, that the Court retain jurisdiction “for property division, attorneys fees and other related matters.” Petitioner also filed a timely request for property division.
On August 1, 1978, following the withdrawal by respondent of her contest to the divorce complaint, a hearing was held and a divorce granted on that date. Since both parties had previously requested the Court to retain jurisdiction for the disposition of prayers for ancillary relief, the decree ordered that jurisdiction be retained for that purpose. On August 10, 1978, respondent’s attorney requested an ancillary hearing and followed up with a letter dated September 20,1978. Shortly thereafter, on October 20, 1978, petitioner died prior to an ancillary hearing.
Petitioner places great importance on the language of 13 Del.C. § 1513(a) which requires the Court to “. . . equitably divide, distribute and assign the marital property between the parties . . . ” (emphasis added), and he concludes that this Court’s statutorily-created authority cannot be carried out where one of the parties has died prior to a property division hearing. However, § 1513 gives the Court the authority to finally and equitably untangle and apportion a complex of marital property, Husband M. v. Wife M., Del.Supr., 321 A.2d 115 (1974), and to do so in such a way as to avoid future litigation by concluding the parties’ rights in a single proceeding. Wife W. v. Husband W., Del.Super., 307 A.2d 812 (1973), aff’d, Del.Supr., 327 A.2d 754 (1974).
Furthermore, 13 Del.C. § 1502 states, in part, that all provisions of Title 13, Chapter 15 “. shall be liberally construed and applied to promote its underlying purposes, which are ... (2) [t]o mitigate the potential harm to spouses and their children caused by the process of legal dissolution of marriage.”
The Delaware Survival Statute, 10 Del.C. § 3701, provides:
“Ail causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all actions, so surviving may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. . . ” (emphasis added)
In accordance with this statute, post-decree ancillary matters are clearly causes of actions which survive. Since 10 Del.C. § 3701 allows both petitioner’s and respondent’s interest in the marital property to be determined after the death of a party, there appears to be no legal or equitable reason why jurisdiction, properly established and retained in this Court, should be defeated by a death occurring after the issuance of the final decree.
To conclude that respondent is deprived of her remedy in this Court, even though her cause of action and that of the deceased *1026 petitioner survive, would produce an absurd, ludicrous and unjust result. See, e. g., Opinion of the Justices, Del.Supr., 295 A.2d 718 (1972). Except for a partition proceeding in Chancery Court with respect to property, respondent would have no forum to litigate her rights with respect to marital property and other ancillary matters. Petitioner’s death does not defeat the ability of this Court to make an equitable division in accordance with the relevant factors enumerated in 13 Del.G. § 1513(a).
Having thus determined that both equity and statutory construction place continuing jurisdiction of these matters in Family Court, the only remaining issue is whether death abates a domestic relations proceeding where there has been a final decree but the property interests of the parties remains to be resolved.
There appears to be no Delaware case law on this issue. However, in Olen v. Melia, N.J.Super., 141 N.J.Super. 111, 357 A.2d 310 (App.Div.1976), the deserting wife was the defendant, who died after the divorce was pronounced but before the formal entry of the judgment. The Appellate Division held: “Although suit for divorce would ordinarily abate with the death of the wife *, the other aspects involving, as here, the disposition of marital property would not and should not abate.” Id. 357 A.2d at 311.
This Court agrees that abatement is inapplicable where, as here, the final decree has been granted and concludes that the death of petitioner does not disturb this Court’s authority to resolve the ancillary matters now properly before it.

 This language is somewhat misleading. It should be noted that in an earlier companion opinion to this case by the Appellate Division, appearing in 124 N.J.Super. 373, 307 A.2d 121 (1973), it was held that death after the trial judge grants the divorce, but before judgment is entered, does not abate the action. In such cases the judgment is entered nunc pro tunc. See also, Jacobson v. Jacobson, N.J.Super., Ch. Div., 146 N.J.Super. 491, 370 A.2d 65 (1976).