## McCauley v. McCauley

*Michael H. Ranck,* for defendant.
*San Ferguson Musser,* for plaintiff.

HUMMER, *J.,* January 14, 1983—The present case raises the question of whether a claim for equitable distribution survives even though the underlying divorce action has abated due to the death of a litigant. This issue has been raised by defendant's petition to dismiss the above-captioned divorce action. Defendant has also asked this court for an award of counsel fees incurred in prosecuting her petition to dismiss.

The pertinent facts are that a complaint in divorce was filed in March of 1979 on the ground of indignities to the person. In December, 1980, an amended complaint which alleged that the marriage had been irretrievably broken and contained a claim for equitable distribution, was filed under the Divorce Code of 1980. In her answer to the amended complaint, defendant denied that the marriage was irretrievably broken and petitioned the court for equitable distribution and counsel fees, costs and expenses. The master, who had been appointed in this case, heard testimony in February, 1982 and continued the proceeding until August 11, 1982, so that additional testimony could be taken. Prior to that hearing, plaintiff died on June 10, 1982.[1] Defendant, on August 5, 1982, petitioned the court for dismissal of the divorce action and related claims, and the court issued a rule to show cause why the case should not be dismissed. Plaintiff's executrix answered the rule, and both sides submitted briefs.

---

1. On the day that he died, plaintiff executed a will in which he devised his estate in equal parts to his father, two children, and a third person not involved in this case.

Subsequently, defendant asked the court to award her reasonable counsel fees incurred due to the estate's opposition to the dismissal of the divorce action and equitable distribution claim.

The court must therefore address two issues: (1) whether the equitable distribution claim has abated in this case; and (2) whether reasonable attorney fees should be awarded to defendant.

As to the first issue, the law is clear that an action for divorce is a personal action which abates if a litigant dies prior to the entry of a final divorce decree: Chappell v. Chappell, 21 D. & C. 3d 44 (1981); Sillers v. Sillers, 25 D. & C. 77 (1935); 15 Stand. Pa. Practice 123. Plaintiff's executrix agrees that the divorce action abates, however, she argues that the equitable distribution claim survives and the court retains jurisdiction to divide the marital property.

In analyzing the merit of this argument which has not previously been addressed by the courts of this state, the court begins by examining the relevant provisions of the Divorce Code, 23 Pa.C.S.A. §101 et seq. to determine whether it has jurisdiction to divide the property in this case. Section 301(a)(1) provides that courts have jurisdiction to equitably divide the parties' marital property "in conjunction with any decree granting a divorce or annulment." Similarly, Section 401(b) states that any "decree granting a divorce . . . shall include . . . an order or orders determining and disposing of existing property rights and interests between the parties." Section 401(b) also permits bifurcation and effectively authorizes the courts to resolve equitable distribution claims after the entry of a divorce decree. The code, therefore, authorizes the division of marital property in connection with or after the issuance of a divorce decree. No authority, however, is expressly conferred to divide marital property prior to a divorce decree

or in situations where a decree cannot be entered because the divorce action has abated.

The court will not imply such jurisdiction from the Divorce Code when the provisions of the Probate, Estate and Fiduciary (P.E.F.) Code, 20 Pa.C.S.A. § 101 et seq. are available to resolve this controversy.[2]

Thus, the court holds that when a divorce action abates, the court loses jurisdiction over the ancillary claim for equitable distribution, and that claim must also abate. This holding is supported by the courts of other states that have ruled on this issue: Matter of Estate of Chandler, 413 N.E. 2d 486 (Ill. 1980); Segar v. Brooks, 284 S.E. 2d 13 (Georgia, 1981). In the Matter of Estate of Chandler, the Appellate Court of Illinois reversed the lower court's distribution of property in a case similar to the case at bar, where a party died before the entry of a divorce decree. In interpreting that state's Marriage and Dissolution of Marriage Act, the court reasoned that a party's death prior to a divorce decree "deprives the . . . court of jurisdiction over all aspects of the marriage relationship," Id. at 489, and that the power to dispose of the parties' property rights is "only a function of the court's broader power to terminate the legal relationship which exists between spouses and thus does not come into play unless and until a marriage has been dissolved." Id.

Similarly, in Segar v. Brooks, supra, which involved the identical issue raised here, the Supreme Court of Georgia held that equitable distribution can only be decreed "after or contemporaneously with the entry of a decree of divorce." 284 S.E. 2d at 14.

2. See Kaplan, Lawrence, Judge, Ct. of Common Pleas, Allegheny Co., "The Impact of Death on a Pending Divorce—Pitfalls and Priorities," speech given at Orphans' Court Conf., Dec. 12, 1981. Judge Kaplan argues that the P.E.F. Code and not the Divorce Code provides the appropriate relief for controversies like the present one.

Finally, the cases cited by plaintiff's estate are all factually distinguishable because they either involve situations where a divorce decree has been entered, Olen v. Melia, 307 A. 2d 121 (N.J. 1976) aff'd. 357 A. 2d 310; Husband L.E.W. v. Wife H.L.W., 410 A. 2d 1024 (Del. 1979); and Roeder v. Roeder, 308 N.W. 2d 904 (Wis. 1981), or involve an unusual factual context: Jacobsen v. Jacobsen, 370 A. 2d 65 (N.J. 1976). In Jacobsen, the court refused to dismiss the equitable distribution claim because it did not want to reward the husband, defendant in the divorce action, who was awaiting trial on charges that he had murdered his wife, plaintiff in the divorce action. That court, however, perhaps in recognition of the general rule, wrote that if the husband was later acquitted then the equitable distribution claim would be held to have abated.

As to defendant's petition for counsel fees, this court believes that such an award is not proper in this case. The same reasoning that defeated the equitable distribution claim by plaintiff's estate logically applies to defendant's claim for counsel fees so that this court lacks jurisdiction to award the requested relief: 23 Pa.C.S.A. §301(a)(1).[3]

## ORDER

And now, January 14, 1983, defendant's motion to dismiss the above-captioned divorce action is granted. Defendant's petition for counsel fees, however, is denied.

---

3. Even if it had jurisdiction, the court could not grant the requested relief, because the required income and expense statements have not been filed, Pa.R.C.P. 1920.31(a), and defendant has failed to allege the amount requested and time her attorney spent prosecuting the case.