229 N.J. Super. 370 (1988)
551 A.2d 989
JOYCE CARR, PLAINTIFF-APPELLANT,
v.
H. THOMAS CARR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1988.
Decided December 12, 1988.
*371 Before Judges MICHELS, LONG and MUIR, Jr.
John A. Craner argued the cause for appellant (Craner, Nelson, Satkin & Scheer, attorneys; Libby E. Sachar, of counsel; John A. Craner, of counsel and on the brief and Norman W. Albert, on the brief).
Noel S. Tonneman argued the cause for respondent (Wilentz, Goldman & Spitzer, attorneys; Warren W. Wilentz, of counsel; Noel S. Tonneman, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
In July 1984, plaintiff Joyce Carr filed a complaint for divorce against defendant H. Thomas Carr on the grounds of desertion. The complaint sought relief by way of equitable distribution, alimony and counsel fees. Defendant answered denying the allegations of the complaint. A pendente lite support order in favor of plaintiff was entered in 1985. After a number of adjournments, the case was scheduled for trial on August 19, 1987. Defendant did not appear at the trial call because of illness and the case was adjourned. Defendant died on August 24, 1987 leaving his entire estate to the children of his prior marriage. Thereafter, plaintiff filed an order to show cause seeking to restrain the disposition of assets from defendant's *372 estate and to name the executor of defendant's estate as a party defendant. Additionally, plaintiff sought to continue the pendente lite support payments and requested a hearing on the issues of alimony, equitable distribution and counsel fees. Counsel for defendant moved to dismiss the divorce complaint and to dissolve all restraints previously imposed by the court.
In deciding the case, the trial judge was required to analyze the interplay of the equitable distribution statute (N.J.S.A. 2A:34-23) and the elective share statute (N.J.S.A. 3B:8-1) in terms of the facts presented. N.J.S.A. 2A:34-23 provides:
In all actions where a judgment of divorce ... is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.
N.J.S.A. 3B:8-1 prescribes:
If a married person dies domiciled in this State, on or after May 28, 1980, the surviving spouse has a right of election to take an elective share of one-third of the augmented estate under the limitations and conditions hereinafter stated, provided that at the time of death the decedent and the surviving spouse had not been living separate and apart in different habitations or had not ceased to cohabit as man and wife, either as the result of judgment of divorce from bed and board or under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State.
The trial judge concluded that plaintiff was not entitled to relief under the equitable distribution statute because of defendant's death (Castonguay v. Castonguay, 166 N.J. Super. 546 (App. Div. 1979)) and that she was excluded from electing to take a share under N.J.S.A. 3B:8-1 because of the status of her marriage at the time of defendant's death. In the Matter of the Estate of Hersh, 195 N.J. Super. 74 (App.Div. 1984), certif. den. 99 N.J. 185 (1984). He terminated the pendente lite order as of the date of defendant's death and abated plaintiff's claim for alimony and equitable distribution. In so doing, he stated:
I do not think that that holding terminates the case. Because as Mr. Craner said this is a court of equity. And there are other vehicles available, perhaps, which may be utilized to prevent a failure of justice. And I do think that in this case when one considers the equitable distribution statute and the elective share statute, that there is a gap which has been characterized by the commentators *373 or a commentator as a black hole. And the plaintiff in this case has tragically fallen into that gap. One of the maxims of equity is that where there is a wrong, there is a remedy. And although, in my view, there is no remedy under the equitable distribution statute, and under the law dealing with spousal support, there may be other remedies available to the plaintiff which I am going to give plaintiff an opportunity to pursue.
He then granted plaintiff leave to amend her pleadings to set forth any additional causes of action for an interest in the marital assets of the parties. Plaintiff was ordered to name the executor of defendant's estate and all heirs at law under the Last Will and Testament of defendant as party defendants in the supplemental pleading. The executor was restrained from making distributions to any of the beneficiaries of the estate pending further order of the court. Defendant's motion to dismiss the complaint was denied.
Plaintiff then filed an amendment to the complaint alleging that she is entitled to an equitable share of the marital assets on grounds of quasi-contract, quantum meruit and other equitable theories including constructive trust, resulting trust and unjust enrichment. Simultaneously, she sought leave to appeal to this court from those portions of the order of the trial judge which dismissed her claims for alimony and equitable distribution. Leave to appeal was granted on March 31, 1988.
We have carefully reviewed this record and have concluded that the trial judge, Judge Messina, correctly interpreted the statutes at issue here. We affirm substantially for the reasons expressed in his oral opinion of December 3, 1987. While it is reasonable to conclude that in enacting N.J.S.A. 2A:34-23 and N.J.S.A. 3B:8-1 the Legislature intended to create a comprehensive scheme for the distribution of marital property and that every surviving spouse should be entitled to relief under one of those statutes, such a result cannot be wrung out of the words of the statutes themselves. The required interpretation is an anomalous one, but it accords with the language of the statutes. It is for the Legislature to remedy its error. See Finnerty, Equitable Distribution, The Elective Share and Death: The Black Hole, 6 N.J.Fam.Law. 177, 189-193 (1987). *374 Judge Messina's grant of leave to amend the complaint to assert an equitable entitlement to recovery was an attempt to ameliorate the harsh result accruing from the statutory scheme. It is unfortunate that he was compelled to take such action.
AFFIRMED.