T.C. Summary Opinion 2003-122

UNITED STATES TAX COURT

MICHAEL ROBERT PETERSON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12783-02S.          Filed September 2, 2003.

Michael Robert Peterson, pro se.

James Brian Urie, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in Federal income tax of $6,373.56 for the 2000 taxable year. The issue for decision is whether unallocated support payments constitute "alimony or separate maintenance payments" that petitioner may deduct under section 215.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner's mailing address was Manville, New Jersey.

At the time of trial, petitioner was employed as a police officer. Petitioner and Dawn M. Peterson (Ms. Peterson) were married prior to the year in issue. They had two minor children: Marc and Christopher. In November 1999, petitioner filed for divorce in the Superior Court of New Jersey, Chancery Division/Family Part, Hunterdon County (New Jersey court).

The New Jersey court issued and filed on January 27, 2000, an Order for Pendente Lite Relief (pendente lite order), which provided in part:

> 1. Legal custody of the two minor children of the marriage, Marc and Christopher, shall be shared jointly. Residential custody of Christopher shall be with plaintiff father. Residential custody of Marc shall be with defendant mother.
>
> 2. Each child shall alternate weekends with the other parent from 7:00 p.m. Friday until 7:00 p.m. Sunday, so that both children are together every weekend. Furthermore, they shall alternate Wednesday

evening parenting time from 6:00 p.m. until 9:00 p.m., again so the children are together every Wednesday evening.

\* \* \* \* \* \* \*

9. Defendant is hereby granted *pendente lite*, unallocated support in the amount of $325 per week, retroactive to December 23, 1999. Payments shall be made through income withholding through the Hunterdon County Probation Department. Plaintiff shall pay all arrears and the weekly obligation beginning immediately and keep the account current until he sees the correct amount being withheld from his paycheck.

The pendente lite order was later modified on February 2, 2000, "so that the award of unallocated support of $325 per week is retroactive to December 14, 1999, the filing date of defendant's cross-motion for support."

Petitioner's divorce became effective May 21, 2001.

On April 15, 2001, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year (2000 tax return). Petitioner claimed a deduction of $24,424 as alimony paid.[1]

Respondent issued petitioner a notice of deficiency dated May 15, 2002, determining a deficiency in Federal income tax of

---

[1] Although the pendente lite order granted Ms. Peterson unallocated support of $325 per week for the 2000 taxable year, petitioner claimed a deduction of $24,424 for alimony paid. Respondent does not contend that the claimed amount has not been paid; rather, respondent's only basis for disallowing the deduction is his contention that unallocated support payments do not constitute alimony or separate maintenance payments under sec. 215. The record also does not indicate whether Ms. Peterson included any portion of this amount as gross income under secs. 61(a)(8) and 71(a).

$6,373.56 for the 2000 taxable year.  Respondent disallowed the deduction of $24,424 as alimony payments.[2]

Petitioner contends that the unallocated support payments made pursuant to the pendente lite order constitute "alimony or separate maintenance [payments]" under section 71(b), because, under New Jersey law, the hypothetical death of Ms. Peterson would relieve him of any further obligation to make the unallocated support payments when he has joint custody of his two minor children.  Respondent disagrees that the death of Ms. Peterson would result in such relief, citing Gonzales v. Commissioner, T.C. Memo. 1999-332.[3]

Discussion

Petitioner filed his 2000 tax return on April 15, 2001, accordingly section 7491(a) is applicable in the instant case. However, neither party takes a position as to whether the burden of proof has shifted to respondent under section 7491(a).  We conclude that resolution of the issue whether unallocated support payments constitute alimony or separate maintenance payments does not depend upon who has the burden of proof.

---

[2] The notice of deficiency also contains an adjustment of $717 to the amount of itemized deductions claimed by petitioner in his 2000 tax return.  This adjustment, which is computational in nature, stems from respondent's disallowance of petitioner's claimed deduction for alimony paid.

[3] Neither party cited Kean v. Commissioner, T.C. Memo. 2003-163.  We note that Kean was decided on June 4, 2003, after this case was submitted.

Payments to support children generally are not deductible.
Sec. 71(c). However, alimony or separate maintenance payments
generally are deductible by the payor spouse. Sec. 215. Alimony
or separate maintenance payments are defined by section 71(b),
which provides in part:

> SEC. 71(b). Alimony or Separate Maintenance
> Payments Defined.--For purposes of this section--
>
> > (1) In general.--The term "alimony or
> > separate maintenance payment" means any payment in
> > cash if--
> >
> > > (A) such payment is received by (or on
> > > behalf of) a spouse under a divorce or
> > > separation instrument,
> > >
> > > (B) the divorce or separation instrument
> > > does not designate such payment as a payment
> > > which is not includible in gross income under
> > > this section and not allowable as a deduction
> > > under section 215,
> > >
> > > (C) in the case of an individual legally
> > > separated from his spouse under a decree of
> > > divorce or of separate maintenance, the payee
> > > spouse and the payor spouse are not members
> > > of the same household at the time such
> > > payment is made, and
> > >
> > > (D) there is no liability to make any
> > > such payment for any period after the death
> > > of the payee spouse and there is no liability
> > > to make any payment (in cash or property) as
> > > a substitute for such payments after the
> > > death of the payee spouse.

In the present case, the parties focus on whether the
requirements of section 71(b)(1)(D) have been satisfied. These
requirements are satisfied if petitioner had "no liability to
make any such payment for any period after the death of the payee

spouse [Ms. Peterson] and there [was] no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse." Id. If petitioner were obligated to continue making unallocated support payments under the pendente lite order after the hypothetical death of Ms. Peterson, then such payments would be nondeductible child support payments instead of deductible alimony or separate maintenance payments. "Whether such obligation exists may be determined by the terms of the applicable instrument, or if the instrument is silent on the matter, by looking to State law." Kean v. Commissioner, T.C. Memo. 2003-163.

The pendente lite order issued by the New Jersey court did not indicate whether the unallocated support payments would terminate upon Ms. Peterson's death. Hence, we turn to New Jersey law to ascertain whether it would imply a postdeath legal obligation.

New Jersey has a support statute authorizing courts to award alimony or child support, either pending the divorce suit or after final judgment. This statute provides in relevant part:

> Pending any matrimonial action brought in this State * * * the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children * * *. * * * Orders so made may be revised and altered by the court from time to time as circumstances may require. [N.J. Stat. Ann. sec. 2A:34-23 (West 2003); emphasis added.]

A court order regarding unallocated support payments is modifiable. Farmilette v. Farmilette, 566 A.2d 835 (N.J. Super. Ct. Ch. Div. 1989). Moreover, the obligation to pay alimony ends at the recipient's death, and upon such event, a court order regarding alimony is modifiable. See N.J. Stat. Ann. sec. 2A:34-23 (West 2003); Jacobsen v. Jacobsen, 370 A.2d 65, 66 (N.J. Super. Ct. Ch. Div. 1976).

In general, divorce proceedings abate with the death of one of the parties. Carr v. Carr, 576 A.2d 872, 875 (N.J. 1990). Issues of custody and support of children do not abate, however. Jacobsen v. Jacobsen, supra at 66. Regarding the death of the custodial parent, New Jersey statutory law provides:

> In case of the death of the parent to whom the care and custody of the minor children shall have been awarded by the Superior Court, or in the case of the death of the parent in whose custody the children actually are, when the parents have been living separate and no award as to the custody of such children has been made, the care and custody of such minor children shall not revert to the surviving parent without an order or judgment of the Superior Court to that effect. * * * [N.J. Stat. Ann. sec. 9:2-5 (West 2003).]

It "implicitly recognizes the inherent right of the non-custodial parent to the reversion to his or her custody of the children born of the marriage upon the custodial parent's death and the satisfaction of the statutory conditions." In re D.T., 491 A.2d 7, 9 n.3 (N.J. Super. Ct. App. Div. 1985) (referring to N.J. Stat. Ann. sec. 9:2-5 (West 2003)).

In Gonzales v. Commissioner, T.C. Memo. 1999-332, we held that the requirement of section 71(b)(1)(D) had not been met and, therefore, the unallocated support payments were not alimony or separate maintenance payments. In so holding, we noted that New Jersey statutes did not say whether unallocated support payments terminated on the death of the payee spouse. We nonetheless noted that a New Jersey court order regarding unallocated support payments is modifiable and that, under the particular facts of Gonzales, the death of the payee spouse would not have necessarily relieved the noncustodial payor spouse of his obligation to make unallocated support payments. We posited that a court might have reduced the noncustodial payor spouse's payments rather than terminate them altogether.

Contrasting Gonzales v. Commissioner, supra, is Kean v. Commissioner, supra. In the latter case, the Commissioner argued, and we agreed, that the unallocated support payments made pursuant to a New Jersey court order were alimony or separate maintenance payments. We noted, as a distinguishing factor, that the payor spouse had joint custody during the period when the unallocated support payments were made. We further noted the general rule that divorce proceedings terminate with the death of either spouse. As such, the payor spouse in Kean would have received sole custody of the children if the payee spouse had died during the pendency of the divorce proceeding, and there

would be no logical reason for a court to order the payor spouse to continue making unallocated support payments.

The present case is similar to Kean v. Commissioner, supra. During the 2000 taxable year, petitioner had joint legal custody of Marc and Christopher and residential custody of Christopher. If Ms. Peterson had died during the pendency of the divorce proceeding, such proceeding would have abated, while the issue of residential custody of Marc would not have abated.  Petitioner would then have had to seek a court order or judgment on this issue, but absent unusual circumstances not present here, custody would have reverted to petitioner.  Similar to Kean, there would be no logical reason in the present case for the New Jersey court to order that petitioner continue to make unallocated support payments.

We conclude that, under the particular facts of this case, petitioner's obligation to make unallocated support payments during the pendency of the divorce proceedings would have terminated at Ms. Peterson's death, and as such, the requirements of section 71(b)(1)(D) are satisfied.  We further conclude that unallocated support payments made in the present case are alimony or separate maintenance payments for Federal income tax purposes and that such payments in the amount of $24,424 are deductible by petitioner under section 215.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.