**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5646-16T4

NILDIA ACOSTA-SANTANA,

    Plaintiff-Respondent,

v.

CESAR A. SANTANA,

    Defendant-Appellant.

_____

Submitted November 13, 2018 - Decided December 5, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0123-16.

Kornitzer Family Law, LLC, attorneys for appellant (Robert B. Kornitzer, on the brief).

Faith A. Ullmann & Associates, LLC attorneys for respondent (Faith A. Ullmann, of counsel; Dina M. Mikulka, on the brief).

PER CURIAM

The executor of defendant Cesar A. Santana's estate (the executor) appeals from a trial court order granting summary judgment to plaintiff Nildia Acosta-Santana and dismissing the divorce complaint with prejudice, and a subsequent order denying the executor's motion for reconsideration. We affirm.

Plaintiff and defendant were married on March 27, 1990. On September 10, 2015, plaintiff filed a complaint for divorce against defendant. On June 3, 2016, defendant executed a last will and testament, which divided his estate into equal shares for his and plaintiff's three children and directed that if all of his children predeceased him, his estate should be given to his brother and sister-in-law. Defendant's will nominated Richard A. Vera as executor of the will. On October 28, 2016, defendant passed away, before the entry of a final judgment of divorce.

On February 27, 2017, the executor filed a motion to interplead in the divorce action pursuant to Rule 4:31, and to replace defendant in the divorce action. By order dated May 3, 2017, the Honorable Noah Franzblau denied the executor's motion to interplead, granted plaintiff's cross-motion for summary judgment, and dismissed the divorce complaint with prejudice.

On May 24, 2017, the executor filed a motion for reconsideration. As part of the motion for reconsideration, the executor certified that defendant "was

2

A-5646-16T4

always very clear that he did not want his share of assets to be acquired by [plaintiff], but to be left directly to his children[.]" The executor argued that dismissing the divorce action would result in plaintiff's unjust enrichment and harm to defendant, his children, and his creditors. According to the executor, plaintiff would receive approximately $615,000 from defendant's estate and from the property that defendant and plaintiff held jointly. However, "had [defendant] survived and the divorce been finalized, [plaintiff] would have likely received less than half of that amount because [defendant's] premarital portion of his assets would have ultimately been taken into account in the equitable distribution of their assets."

Judge Franzblau granted plaintiff's motion for summary judgment and denied the executor's motion for interpleader. The judge recognized the New Jersey precedents of Carr v. Carr, 120 N.J. 336 (1990) and Kay v. Kay, 405 N.J. Super. 278 (App. Div.), aff'd 200 N.J. 551 (2010), but ruled that both cases were inapposite. Judge Franzblau dismissed the divorce complaint based on the well-established New Jersey law that "absent exceptional circumstances, divorce proceedings abate with the death of one of the parties." Judge Franzblau found that no exceptional circumstances existed and that plaintiff would not be unjustly enriched by inheriting defendant's estate as a matter of law. The judge

3

also denied the executor's motion for reconsideration because the motion did not "assert any new or material facts that were not previously considered by this Court." This appeal followed.

We review a trial court's grant of summary judgment de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Thus, "summary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (citing Templo Fuente, 224 N.J. at 199). In reviewing a grant of summary judgment, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986)). However, "conclusory and self-serving assertions by one of the parties are insufficient to overcome [a summary judgment] motion." Puder v. Buechel, 183 N.J. 428, 440 (2005) (citing Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002)). If there is no issue of fact, appellate courts give no special deference to the trial court's rulings on matters of law. Templo Fuente,

4

224 N.J. at 199 (citing <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

As Judge Franzblau found, divorce proceedings abate when one of the parties dies before the entry of the final order of divorce. <u>Carr</u>, 120 N.J. at 342; <u>Castonguay v. Castonguay</u>, 166 N.J. Super. 546, 550 (App. Div. 1979); <u>Jacobson v. Jacobson</u>, 146 N.J. Super. 491, 493 (Ch. Div. 1976). However,

> if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, . . . the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree . . . .
>
> [<u>Olen v. Olen</u>, 124 N.J. Super. 373, 377 (App. Div. 1973) (quoting 104 <u>A.L.R.</u> 664).]

Furthermore, absent "highly unusual circumstances," equitable distribution of marital assets occurs only upon the adjudication of divorce. <u>Carr</u>, 120 N.J. at 342-43; N.J.S.A. 2A:34-23(h). Highly unusual circumstances include one party's fraud or unjust enrichment. <u>Kay</u>, 405 N.J. Super. at 284 (citing <u>Carr</u>, 120 N.J. at 351). In such cases, the trial court may, acting in equity,

5

impose a constructive trust on the marital assets, even after one of the spouses has died during the pendency of the proceedings.  Id. at 285.

Here, defendant died before the divorce proceeds concluded; thus, the divorce proceedings abated with defendant's death, and absent exceptional circumstances, equitable distribution would also abate.  See Jacobson, 146 N.J. Super. at 493; Carr, 120 N.J. at 342-43.  Further, defendant and plaintiff had not completed equitable distribution calculations when defendant died; thus, not all of the facts were adjudicated while defendant was alive and a divorce decree could not have been entered on those grounds.  Olen, 124 N.J. Super. at 377.

We agree with the trial court's conclusion that this case does not present any exceptional circumstances such as those presented by the facts in Carr and Kay.  See Carr, 120 N.J. at 350-51; Kay, 405 N.J. Super. at 285.  In Carr, the Court was concerned because, absent judicial intervention, the surviving spouse of a seventeen-year marriage would have received nothing from the estate.  See 120 N.J. at 344, 346 n.2.  She did not qualify for equitable distribution because the death of her spouse abated the divorce proceedings.  Id. at 342.  She also could not obtain her elective share of the estate because the parties were not living together at the time of the husband's death.  Id. at 344 (citing N.J.S.A. 3B:8-1).  The Court in Carr court likened her situation to a "black hole."  Ibid.

Under those unique facts, the Court upheld the lower court's rulings that the surviving spouse was entitled to equitable relief, and that the proper relief under the circumstances was the imposition of an equitable trust. Id. at 351.

As the trial court found, unlike Carr, the executor brought this interpleader not to protect an innocent living spouse; rather, the executor seeks the imposition of a constructive trust to enrich defendant's estate to the detriment of the surviving spouse.[1] See id. at 340-41.

Furthermore, the executor has not demonstrated that plaintiff would be unjustly enriched in the absence of a constructive trust. Unlike the facts in Kay, there are no allegations of dissipation of marital assets. 405 N.J. Super. at 286. While plaintiff certainly received a benefit by being the primary beneficiary of defendant's insurance policies and retirement accounts and obtaining full ownership of the house by operation of law, the executor failed to present an argument that these benefits are unjust. The executor's primary argument is that defendant's intent for his estate cannot be fulfilled if the court does not impose a constructive trust, because most of defendant's property was held jointly with plaintiff and defendant was unable to change the beneficiaries of his insurance

---

[1] The parties' three adult children submitted certifications in opposition to the executor's motion to interplead or establish a constructive trust and supporting their mother's inheritance of the marital estate by operation of law.

policies before he died. However, the record does not indicate that plaintiff committed any fraud or misconduct that would benefit her to the detriment of the marital estate. Thus, the judge correctly found that there were no exceptional circumstances that required equitable relief in this case and properly denied the executor's motion to interplead and granted summary judgment in favor of plaintiff.

Similarly, we agree that the trial court correctly denied defendant's motion for reconsideration. We review a trial court's denial of a motion for reconsideration for abuse of discretion. Guido v. Duane Morris L.L.P., 202 N.J. 79, 87 (2010). Motions for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred[.]" R. 4:49-2.

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence . . . .
>
> [Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v.

D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).]

Furthermore, "if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Ibid.

Here, the executor's argument is fundamentally a disagreement with the trial judge's decision. The executor loosely argues that the judge failed to consider Carr and Kay. However, Judge Franzblau's written opinion provides a full analysis of both cases and correctly found that they were inapposite. The executor also argues that the trial court did not consider that its ruling would create an unjust result for defendant's estate. To the contrary, the judge recognized that defendant's testamentary plans would not be carried out, but ruled that it was not an unjust result. Thus, the executor failed to present any new evidence, material evidence, or case law that the judge failed to consider. See R. 4:49-2. Furthermore, the executor failed to establish that the trial court's decision was based on "a palpably incorrect or irrational basis." See Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401-02). We thus find that the trial judge did not abuse his discretion in denying the executor's motion for reconsideration. See Guido, 202 N.J. at 87.

The remaining arguments raised by the executor are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5646-16T4