251 N.J. Super. 70 (1990)
596 A.2d 1098
RAYMOND KRUZDLO, PLAINTIFF,
v.
JOAN M. KRUZDLO, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County, Family Part.
Decided October 19, 1990.
*71 Gregory T. Farmer for plaintiff.
Melanie J. Swade for defendant.
KRAFTE, J.S.C.
In January 1956, defendant, Joan Kruzdlo was married to plaintiff, Raymond Kruzdlo. On December 27, 1988, plaintiff instituted a divorce action and defendant filed an answer and counterclaim. A pendente lite order was entered on December 7, 1989 setting forth the various rights and obligations of the parties. On March 26, 1990, plaintiff died testate leaving his estate to his sister, Rose Kruzdlo, also known as Rosalie.
With a trial date pending, defendant on April 2, 1990, filed a motion to dismiss the complaint and counterclaim and fix arrears under the pendente lite order. A cross-motion was filed on behalf of Rosalie Kruzdlo, executrix of the estate of the decedent, seeking to file and serve an amended complaint in this matter to allege a cause of action for an interest in the marital assets of the parties under the theories of constructive trust, resulting trust, quasi-contract and unjust enrichment. The motions were held pending the Supreme Court's decision in Carr v. Carr, 120 N.J. 336, 576 A.2d 872 (1990).
The issue arising from the death of the husband during the pendency of the divorce action is whether the executrix of the estate of the decedent may amend the complaint to allege equitable grounds for relief.
The Supreme Court of New Jersey in Carr, supra, held that a plaintiff-wife, whose right of equitable distribution abated because of the pretrial death of her spouse (see N.J.S.A. 2A:34-23) and who was not entitled to an elective share of his estate (see N.J.S.A. 3B:8-1) was entitled to assert a claim against the marital estate based on equitable principles. See Carr v. Carr, *72 supra, at 350-351, 576 A.2d 872. The court concluded that the principle that
... animates [both the equitable distribution statute and probate code] is that a spouse may acquire an interest in marital property by virtue of the mutuality of efforts during marriage that contribute to the creation, acquisition, and preservation of such property. This principle, primarily equitable in nature, is derived from notions of fairness, common decency, and good faith. Further, we are convinced that these laws do not reflect a legislative intent to extinguish the property entitlements of a spouse who finds himself or herself beyond the reach of either statute because the marriage has realistically but not legally ended at the time of the other's death. [Id. at 349-350, 576 A.2d 872; emphasis supplied; footnote omitted]
Carr, supra, further held that
... marital property does not lose its essential and distinctive nature as property arising from the joint contributions of both spouses during marriage because of the death of one spouse during the pendency of divorce proceedings. [Id. at 350, 576 A.2d 872]
Carr, concluded that a constructive trust was the "appropriate equitable remedy in this type of case." Id. at 351, 576 A.2d 872. In addition, the court recognized that a claim based on quasi-contractual obligations may lie, "not based on the actual intent of the parties," but to "ensure that one party has not been unjustly enriched, and the other unjustly impoverished, on account of their dealings." Id. at 352, 576 A.2d 872.
This court finds that Carr is factually distinguishable, since in Carr it was the surviving spouse, whose mutual efforts during the marriage contributed to the acquisition of marital property, who was given the right to assert the equitable claims. In the case before this court, the claims are being asserted by the executrix of the estate of the decedent spouse.
To follow the estate's reasoning, Carr must be expanded and extended to include claims of an equitable nature (thinly disguised as something other than equitable distribution) to a decedent's estate. If this were permissible, the next "logical" step would be to allow one estate to sue another estate in the event of concurrent deaths of both parties. Carr should not be read past its actual determination. Carr permitted a surviving spouse to make equitable claims against the estate to prevent *73 her from falling into the "Black Hole." No such black hole exists for the estate, unless one unrealistically strains all legal credulity. This distinction is dispositive.
Clearly, a surviving spouse who has contributed to amassing the marital property and is a party to the former marriage should be able to assert claims based on equitable principles against the former marital estate. However, it would be patently unfair, unjust and contrary to all notions of justice to permit heirs who are complete strangers to the marriage to assert such claims. The fact that an heir may not be entitled to share in the marital property is not necessarily unjust.
This court therefore holds that the executrix of the estate of the decedent spouse is not entitled to assert equitable claims against the marital estate sounding in constructive trust, resulting trust, quasi-contract or unjust enrichment.
Pursuant to defendant's motion, the complaint and counterclaim are dismissed. The cross-motion of the estate to intervene is denied.