[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 19, 1997
The parties came before the court on an application brought pursuant to C.G.S. 52-325c(b). The plaintiffs request a stay of an order discharging a lis pendens filed by the plaintiffs on property of the defendants in Greenwich. Section 52-325c(b) reads as follows:
 (b) No appeal shall be taken from such order except within seven days thereof. The effect of such order shall be automatically stayed for CT Page 8520 such seven-day period. If an appeal is taken within such seven-day period, the party taking such appeal may, within such period, file an application with the clerk of the court in which such order was issued, requesting a stay of the effect of such order pending such appeal, which application shall set forth the reasons for such request. A copy of such application shall be sent to the adverse party by the applicant. Upon the filing of such application, the effect of such order shall be further stayed until a decision is rendered thereon. A hearing on such application shall be held promptly. Such order shall be stayed if the party taking such appeal posts a bond, as provided in subsection (c) of this section.
The question the court must decide is whether the plaintiffs who have taken an appeal from the order of discharge, should be granted a stay of that order during the pendency of the appeal. Section 52-325c requires the applicant seeking the stay to "set forth the reasons for such request," and requires that "a hearing on such application . . . be held promptly." C.G.S. 52-325c(b). These provisions of the statute convince the court that it must determine whether or not the reasons stated are sufficient to warrant a stay. Anything less would render the requirement for setting forth the reasons meaningless, and the hearing held on the application illusory.
Unfortunately, the statute itself offers no guidance as to what may be the standard for determining whether such reasons are sufficient. The court, then, adopts the reasoning of the Supreme Court in Griffin Hospital v. Commission on Hospitals,196 Conn. 451, 493 A.2d 229 (1985), in deciding whether to grant a stay. In that case, the Court affirms the "balancing of the equity test", employed in temporary injunction situations, in determining the efficacy of a stay granted by the trial court in an administrative appeal. In applying the "balancing test" the court is called upon to balance the effects of the stay upon one party or the other. This criterion necessarily requires consideration of the probable outcome of the [litigation] appeal". Id., 457.
The instant case is one for specific performance brought by a prospective buyer of real estate in which the defendant defends CT Page 8521 on the basis that there was no compliance with the Statute of Frauds, and therefore there is no enforceable contract. In issuing its order to discharge the lis pendens the court (Lewis, J.) in a persuasive memorandum of decision, addressed and rejected each of the plaintiffs' arguments on behalf of sustaining the lis pendens. The most viable of these arguments is that the Statute of Frauds was in fact satisfied because there were several writings memorializing the agreement, with at least one of them signed by an authorized agent of the seller. This argument, however, is of no avail to the plaintiffs because it presents an issue of fact to be decided by the trial court, and Judge Lewis in fact found, after hearing the evidence, that the plaintiffs have failed to carry their burden of proving probable cause to sustain the validity of their lien. The court decided that there were no facts which would form a basis to find that the attorney who signed the critical writing was an agent authorized to bind the sellers within the meaning of the Statute of Frauds.
In determining the probability of success of the plaintiffs' appeal, the court has in mind the standard of review of the Appellate Court applied in similar cases. For example the Appellate Court's ". . . role on review of the granting of a pre-judgment remedy is very circumscribed." New England Land Co. Ltd.v. DeMarkey, 213 Conn. 612, 620 596 A.2d 1098 (1990). The trial court is vested with broad discretion which is not to be overruled in the absence of clear error. Id., 620. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." Three SDevelopment Co. v. Santore, 193 Conn. 174, 176, 474 A.2d 795
(1984).
In light of the findings of the court at the hearing on the discharge of the lis pendens, and considering the scope of review of the appeals court, this court finds there is little likelihood for success of the plaintiffs' appeal.
The Griffin court also approves the application of the federal standards to the issue of granting a stay, and finds them consistent with the balancing test. In addition to the likelihood of success, the federal standards include assessing the irreparability of the injury to that suffered without the stay and the effect of the stay upon the parties to the proceeding. In CT Page 8522 this case, the balancing of the equities weigh in favor of the defendants. If the stay is denied, the plaintiffs will more than likely lose the opportunity to purchase the defendants' property since the defendants have contracted to sell it to others. Any minor monetary damages which the plaintiffs might suffer can be recouped if there is a successful appeal.[1] The defendants, on the other hand, if the stay is granted, are likely to lose the sale of the residential premises at a sales price in the amount of $6,950,000. They have purchased a new home in California, and have already moved into those premises. As long as the defendants continue to own the Greenwich property, they will be responsible for annual property taxes of approximately $67,000, association taxes of $11,000, utilities expenses of $18,000, and maintenance costs of $24,000, all of the above being annual obligations. They would also lose the substantial time value of their money.
The reasons which section 52-325c requires be set forth in the application for stay are found not to warrant granting it. The likelihood of success on appeal is minimal, and a balancing of the equities weigh heavily in favor of the defendants. For these reasons the application for stay of the court's order discharging the lis pendens is denied.
D'ANDREA, J.