985 A.2d 1223

HILDEGARD KAY, PLAINTIFF–APPELLANT,
v. GEORGE KAY, DEFENDANT.

BERNARD KANEFSKY, EXECUTOR OF THE ESTATE
OF GEORGE KAY, RESPONDENT.

Argued October 13, 2009—Decided January 6, 2010.

*Thomas J. Hurley,* argued the cause for appellant (*Hurley & Laughlin,* attorneys).

*Samuel Mandel,* argued the cause for respondent.

PER CURIAM.

Nearly two decades ago, this Court held that, in limited circumstances, equity permits one spouse to continue divorce litigation following the death of the other. *Carr v. Carr,* 120 *N.J.* 336, 349–50, 576 *A.*2d 872 (1990). More particularly, in *Carr, supra,* this Court concluded that a surviving spouse could continue divorce litigation for the limited purpose of proving that the deceased spouse had diverted marital assets, because equity demanded that the innocent spouse have a forum through which to recover those assets for equitable distribution. *Id.* at 353–54, 576 *A.*2d 872.

This appeal presents the Court with factual circumstances in which the roles of the divorcing parties are reversed. That is, in this matter, the deceased spouse was the one who had raised the claim that marital assets had been diverted during the marriage; it is that spouse's estate that sought the right to intervene and to continue the divorce action to recover diverted assets for equitable distribution from the surviving spouse. Therefore, this matter requires an analysis of whether the equitable principles that supported the relief granted in favor of the surviving spouse in *Carr* would also inure to the benefit of the estate of a spouse making a like claim.

In addressing this novel question, the Appellate Division concluded that the same equitable principles that supported this Court's conclusion that relief was warranted in *Carr* would equally apply when the roles of the spouses are reversed, as they are in this matter. *Kay v. Kay,* 405 *N.J.Super.* 278, 285, 964 *A.*2d 324 (App.Div.2009). In doing so, the Appellate Division considered the public policies embodied in the statutes governing equitable distribution, *see id.* at 282–83, 964 *A.*2d 324 (considering *N.J.S.A.* 2A:34–23h, –23.1), and reasoned that depriving the estate of the opportunity to pursue its claim for relief would not serve the policy of promoting equity and fair dealing as between spouses

that those statutes are designed to advance, *see id.* at 285, 964 A.2d 324 (citing *N.J.S.A.* 2A:34-23.1i).

Consistent with that analysis, the Appellate Division concluded that the principles expressed in this Court's decision in *Carr*, by implication, would afford relief on behalf of the estate in this case. The court reasoned that doing so would promote fair dealing between spouses by ensuring that marital property justly belonging to the decedent will be retained by the estate for the benefit of the deceased spouse's rightful heirs and by preventing unjust enrichment of the surviving spouse. *Ibid.* Finally, the Appellate Division considered an alternate analysis embodied in a Chancery Division decision, *see Kruzdlo v. Kruzdlo,* 251 *N.J.Super.* 70, 73, 596 *A.*2d 1098 (Ch.Div.1990), concluding that to the extent that it expressed a contrary view, it was disapproved. *Kay, supra,* 405 *N.J.Super.* at 281, 964 *A.*2d 324.

We affirm for substantially the reasons expressed by Judge Grall, who authored the Appellate Division's thoughtful decision on this novel question. We echo her observation that this matter came before the court in the context of the estate's unsuccessful effort to intervene in the divorce proceedings and that the motion court's denial of the estate's application to file pleadings left the record rather barren of the facts needed to evaluate the equities or the legal rights of the parties. *Id.* at 287, 964 *A.*2d 324. Certainly, as Judge Grall noted, the incomplete record makes definitive resolution of those rights impossible and the appellate panel's holding, that the trial court may not refuse to consider the equitable claims raised by the estate, is an appropriately limited one. *Ibid.*

At the same time, we add two important observations to the several notes of caution that Judge Grall sounded. First, the claim raised in this matter was not merely one for equitable distribution of an agreed-upon universe of marital property. Rather, it was a claim, like that raised in *Carr*, that marital assets had been wrongfully diverted by one spouse to the detriment of the other. Second, this is not a case in which the estate sought to

intervene in a post-death effort to assert a new claim. Instead, it is one in which the deceased spouse himself had raised and was attempting to pursue the claim that the marital assets had been diverted to his detriment over time by his spouse for the sole benefit of that spouse and her daughter. That this matter is one in which the estate merely seeks to continue claims raised before death and that those claims are ones which, in fairness, should not be extinguished lightly or prematurely, are both considerations that are central to our agreement with the Appellate Division's conclusion.

Finally, in *Carr* itself, this Court commented on the anomalous results that might occur when the statutes governing equitable distribution and divorce collide with the statutes that make up our probate code. *See Carr, supra,* 120 *N.J.* at 344, 576 *A.*2d 872 (noting that *N.J.S.A.* 3B:8-1 precludes surviving spouse in "circumstances that would give rise to cause of action for divorce" from claiming elective share). Because of the way in which those very separate statutory schemes operate and because of the very different purposes to be achieved by each, an innocent spouse might be left with no statutory remedy. The same observations might appropriately be made concerning the circumstances presented in this matter as well.

As we commented in *Carr,* our Legislature has occasionally considered bills that have been designed to address some of the concerns that arise when the statutes governing divorce and equitable distribution and the statutes governing the matters pertinent to decedents' estates appear to collide. *See Carr, supra,* 120 *N.J.* at 350 n. 3, 576 *A.*2d 872 (explaining then-recent efforts to create statutory clarity through altering definition of "surviving spouse"). As this appeal highlights a further dimension of the way in which those statutory provisions may conflict, we invite such further consideration of these matters as our Legislature deems appropriate.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER, Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.