195 N.J. Super. 74 (1984)
477 A.2d 1286
IN THE MATTER OF THE ESTATE OF HERBERT HERSH, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1984.
Decided July 6, 1984.
*75 Before Justice SULLIVAN and Judges KING and BILDER.
Edward F. Seavers, Jr. argued the cause for appellant Anne R. Hersh (MacDonald, Ryan & Jaekel, attorneys; Paul E. Kiel, on the brief).
Richard J. Allen argued the cause for respondents Marie A. Hersh and Maureen M. Hersh Herman, Executrixes (Jeffer, Hartman, Hopkinson, Vogel, Coomber & Peiffer, attorneys; Robert W. McCann, on the brief).
The opinion of the court was delivered by BILDER, J.S.C. (Temporarily Assigned).
In this appeal we are asked to consider whether the existence of a no-fault ground for divorce bars a long separated wife's right to a statutory elective share in her deceased husband's estate. The principal issue presented is the proper construction of N.J.S.A. 3A:38A-1(a)[1] which gives a surviving spouse an elective share provided the parties, inter alia, have not ceased to cohabit as man and wife under circumstances which would *76 have given rise to a cause of action for divorce by the decedent prior to his death. The wife appeals from a judgment denying her a statutory share in her deceased husband's estate as well as denying her retroactive support and from the refusal of the trial judge to strike defenses for failure to comply with orders and court rules relating to discovery.
Appellant and the decedent were married in New York in 1940. In 1950 they separated and never lived together again. The one son (now about 40) born of the marriage lived with the mother. In 1955 the decedent obtained a Mexican divorce and at about the same time plaintiff obtained a judgment of separation from bed and board in New York. On appeal the New York Appellate Division ruled the Mexican divorce invalid, but struck the judgment of separation holding the obtaining of the Mexican divorce did not justify the judgment and noting that no abandonment was proven "as the parties had been living apart by mutual consent." Hersh v. Hersh, 5 A.D.2d 874, 171 N.Y.S.2d 450 (App.Div. 1958). This was affirmed by the Court of Appeals in 1959. Hersh v. Hersh, 5 N.Y.2d 878, 156 N.E.2d 456, 182 N.Y.S.2d 827 (Ct.App. 1959). Since 1958, when the New York court struck the support orders, no proceeding was brought for the support of appellant or her son nor, as already noted, did the parties ever live together.[2]
Decedent died in 1981 leaving a will in which plaintiff was not named.[3] Some months later appellant commenced this action in which she sought an elective share pursuant to N.J.S.A. 3A:38A-1(a). When this claim was adversely disposed of on a motion for summary judgment, appellant made a claim against the estate for alleged past due alimony and child support and *77 this claim was also denied on a motion for summary judgment. It is from these judgments that the appeal is taken.

I. The Elective Share

Prior to 1980 a married person was free to dispose of property by will however they wished and was not required to make any provision for a surviving spouse. See Arnault v. Arnault, 52 N.J. Eq. 801, 805 (Prerog.Ct. 1894). A survivor's only claim was to dower or curtesy rights in real estate. N.J.S.A. 3A:35-1, 2.
N.J.S.A. 3A:38A-1(a) provided as follows:
If a married person died domiciled in this State on or after the effective date of this act, the surviving spouse has a right of election to take an elective share of one-third of the augmented estate under the limitations and conditions hereinafter stated, provided that at the time of death the decedent and the surviving spouse had not been living separate and apart in different habitations or had not ceased to cohabit as man and wife, either as the result of judgment of divorce from bed and board or under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State.
The effect of this statute was to drastically alter the preexisting law and provide a surviving spouse with an option to take one-third of the estate if he or she were not adequately provided for by the decedent. In adopting this provision however, the Legislature excepted that class of surviving spouse who, though still lawfully married to the decedent on the date of death, bore a relationship which was sufficiently removed from the normally thought of state of matrimony as to make such an election inappropriate. This relationship might be described as a quasi-divorced state  a separation either by judicial decree or accompanied by circumstances which would have enabled the decedent to obtain a divorce. The Legislature sought to define this latter group by the use of the phrase "under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State." N.J.S.A. 3A:38A-1(a). On its face this would seem to include the no-fault ground which recognizes separation for 18 or more consecutive months with no reasonable *78 prospect of reconciliation as a basis for a divorce action. N.J.S.A. 2A:34-2(d). However, appellant contends such a construction would run counter to the legislative intention which was to follow the Pennsylvania law limiting the forfeiture of the right of election to cases where the surviving spouse has been guilty of nonsupport or desertion. 20 Pa. Cons. Stat. Ann. § 2106.
As with most New Jersey statutes, the legislative history is sparse. See Marotta v. Burgio, 185 N.J. Super. 172, 175-176 (Law Div. 1982). In the instant case, there is an informative statement which provides the genesis of the legislation as well as an explanation of the source of the exceptions. We learn from it that "[T]his is one of a series of bills adapted from the Uniform Probate Code which has been approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association" and that the exceptions from the right of election are "similar to a provision in the Pennsylvania law which provides for a forfeiture of the right of election where the parties have been living separate and apart as therein provided." Statement to Assembly Bill 18 (1978). The relationship to the Uniform Probate Code is evident from a comparison of § 2-201 of the Code with N.J.S.A. 3A:38A-1. Apart from the exceptions and a reference to the effective date, the two are the same. The same relationship is not true however with respect to the Pennsylvania law. While there is a conceptual similarity in that the Pennsylvania statute like the New Jersey statute, unlike the model code, provides for exceptions from the right of election, the language and approach are strikingly different.
Pennsylvania law provides:
§ 2208. Forfeiture of right of election
A surviving spouse who under the provisions of section 2106 (relating to forfeiture) would not be entitled to a share of the decedent's estate had he died intestate shall have no right of election.
§ 2106. Forfeiture
(a) Spouse's share.  A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the *79 duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.
(b) Deleted.
(c) Slayer's share.  Any person who participates either as a principal or as an accessory before the fact in the wilful and unlawful killing of any person shall not in any way acquire property or receive any benefits as the result of such killing, but such property or benefits shall be distributed as provided in Chapter 88 of this code (relating to slayers).[4]
(d) Surviving spouse as witness.  The surviving husband or wife shall be a competent witness as to all matters pertinent to the issue of forfeiture under this section.
Had the New Jersey Legislature intended to base the exceptions upon the narrower fault grounds set forth in the Pennsylvania law, it could have easily used the language of that statute just as it did with the model Probate Code. In the face of its failure to do so, we should interpret the statute in accordance with its plain meaning. See Service Armament Co. v. Hyland, 70 N.J. 550, 556 (1976). When the Legislature said "under circumstances which would give rise to a cause of action for divorce," this of necessity included 18-months separation with no reasonable prospect of reconciliation.
In the instant case, there is no dispute the decedent had such a cause of action for divorce at the time of his death. The parties were separated for over 30 years and their subsequent history makes the question of reconciliation undebatable.
To summarize, we conclude that the existence of the no-fault ground for divorce bars appellant's claim to an elective share; the action of the trial judge in this regard is affirmed.

*80 II. The Retroactive Support

Following the adverse adjudication with respect to her claim for an elective share, appellant asserted a claim of some $316,000 for the support of her adult son for the years when he was still a minor  1957 to 1962  and for her own support from 1957 to 1981. The denial of this claim gives rise to the second part of the wife's appeal.
In a well-reasoned opinion, after noting the absence of any judicial determination that the deceased make any payments by way of support for the wife or child, the trial court said:
The law in New Jersey seems well established that continuing obligations of support are generally not enforceable against a decedent's estate unless there is pending litigation or the claimed amount due has been reduced to judgment. See Garino v. Garino, 57 N.J. Super. 575 (App.Div. 1959). Generally, the methods available for the enforcement of child support are the same as those for the enforcement of orders for the support of the wife. To this extent much the same case law governing arrearages for support, or alimony, is applicable to arrearages or claims for child support. See Slep v. Slep, 43 N.J. Super. 538, 541 (Ch.Div. 1957).
* * * * * * * *
For over thirty years there has been no viable and enforceable judgment against the decedent or the estate in favor of either the wife or child. Since the decision of the New York Appellate Court some twenty years ago, no application for support has been made either on behalf of the wife or the child and the effect of that is devastating to the possibility that the Court would take extraordinary steps to bend the existing law.
* * * * * * * *
Thus we have no divorce, a thirty year voluntary separation, no previous claim and a current claim being made by the widow and the emancipated son against the estate of the deceased father. The law should not permit this action under these circumstances.
We agree with the trial judge and affirm.

III.
A careful review of the record and a consideration of the remaining contentions urged by the appellant in light of the applicable law satisfies us they are without merit. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] N.J.S.A. 3A:38A-1(a) which was effective at the time of decedent's death has since been replaced by N.J.S.A. 3B:8-1 which, except for the phrase "May 28, 1983" vice "the effective date of this act," is precisely the same.
[2] While only tangentially relevant to the issues presented, it might be noted that the decedent remarried. There is no dispute that appellant was decedent's lawful wife at the time of his death.
[3] Decedent's will left 50% of his estate to his second wife and the remainder of the estate to the one son of the first marriage as well as two children of his second marriage in equal shares.
[4] A bar to a spouse who intentionally kills is found in N.J.S.A. 3A:38A-8 which reads:

A surviving spouse who intentionally kills the decedent is not entitled to any benefits under this act. A final judgment of conviction of intentional killing is conclusive for purposes of this section. In the absence of a conviction of intentional killing the court may determine by a preponderance, of evidence whether the killing was intentional for purposes of this section.