819 A.2d 22 (2003)
359 N.J. Super. 105
Roberta G. RUBIN, M.D. and Roger Adlersberg, M.D., Plaintiffs-Appellants,
v.
Forest S. CHILTON, 3rd, Memorial Hospital, Inc., d/b/a Chilton Memorial Hospital, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 2003.
Decided April 1, 2003.
*23 Neil H. Deutsch, argued the cause for appellants (Deutsch Resnick, attorneys; Mr. Deutsch, Hackensack and Steven Siegler, Princeton, on the brief).
Kerry M. Parker, Newark, argued the cause for respondent (Epstein Becker & Green, attorneys; Ms. Parker, on the brief).
Before Judges BRAITHWAITE, PARKER and BILDER.
The opinion of the court was delivered by BILDER, J.A.D. (retired and temporarily assigned on recall).
This case arises under the Law Against Discrimination, N.J.S.A. 10:5-1 et seq. Plaintiffs Dr. Roberta Rubin and Dr. Roger Adlersberg appeal from an order of the Law Division granting summary judgment dismissing with prejudice count one of their complaint alleging age discrimination. Because the remaining count was dismissed with prejudice by stipulation, the matter is ripe for appeal.
Plaintiffs are medical doctors specializing in the practice of pathology. Together with a third pathologist, Dr. Irving Weiss, they have provided pathology services to defendant Chilton Memorial Hospital for many years, Rubin since 1968 and Adlersberg since 1972. Until 1992 they provided these services pursuant to annual contracts. In 1992 the three pathologists entered into an agreement for an indefinite term, terminable by either party without cause on ninety days advance notice. By a letter of June 25, 1997, the Hospital notified the doctors of its intention to enter into an exclusive contract with Dr. Robert McCord to operate the Pathology Department and terminated plaintiffs' contract as of October 20, 1997. The plaintiffs were advised they could continue to perform pathology services if they arrived at an arrangement with Dr. McCord. Apparently they made such arrangements because the record shows resignations addressed to him in April and May of 1998.
At the time of the termination Dr. Rubin was 63 and Dr. Adlersberg was 68. In their complaint they allege that the contract was terminated for reasons relating to their ages in violation of the LAD; to permit their replacement with 55 year old Dr. McCord.
In a letter opinion of December 11, 2001, the trial judge, finding there were no issues of fact existing, Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 539-540, 666 A.2d 146 (1995), applied the standards set forth in Pukowsky v. Caruso, 312 N.J.Super. 171, 182-183, 711 A.2d 398 (App.Div.1998), and determined that plaintiffs were independent contractors and, as such, were not protected by the LAD. Ibid. Accordingly he dismissed the LAD claim.
On appeal plaintiffs claim error in summarily finding they were independent contractors rather than employees, and that, in any event, as independent contractors they are entitled to the protection of the LAD by virtue of N.J.S.A. 10:5-12l.

I.
On appeal plaintiffs do not argue that independent contractors are afforded *24 the protection of N.J.S.A. 10:5-12a, a section of the LAD which protects against discrimination in hiring, discharging, and the terms and conditions of employment. Rather they contend they were employees and not independent contractors.
As already noted, in his letter opinion the trial judge examined the standards set forth in Pukowsky and held that plaintiffs were not employees but independent contractors. We agree. The undisputed facts compel that conclusion; a reasonable jury could not have found to the contrary. Brill v. Guardian Life Ins. Co. of America, supra at 142 N.J. 539-540, 666 A.2d 146 (when deciding summary judgment motions trial courts are required to engage in the same type of analysis as is required by Rule 4:37-2(b), a directed verdict at end of plaintiff's case, i.e. whether evidence exists from which the jury could find for plaintiff).
The written agreement entered into by plaintiffs in 1992 provided, inter alia:
In the performance of the work, duties and obligations undertaken by the Pathologists, it is mutually acknowledged, understood and agreed that the Pathologists are at all times acting and performing as independent contractors to the Hospital practicing the profession of medicine. The Hospital shall neither have nor exercise any control or direction over the methods by which the Pathologists shall perform their professional work and function, the sole interest and responsibility of the Hospital being to provide that the service covered by this Agreement shall be performed and rendered in a competent, efficient, and satisfactory manner and in accordance with the medical staff Hospital By-Laws, rules and regulations. Accordingly, it is understood that the Hospital will not withhold Federal and State income taxes, FICA taxes, Federal and State employment taxes and it shall not include any Pathologists or their employees in any employee benefit plans or other fringe benefits.
In accordance with the agreement plaintiffs reported their income from work at the hospital to the Internal Revenue Service as profit from business (IRS Form Schedule C). Plaintiffs understood they would not be covered by the Hospital's malpractice insurance policies. They billed their patients directly and set their own hours and vacations schedules. Although the Hospital provided the tools and equipment for the pathologists, it was the latter who determined, within the constraints of the budget, the priorities for equipment purchases.

II.
Alternatively, plaintiffs contend that if they were not employees, they were afforded protection under the LAD by virtue of N.J.S.A. 10:5-12l which they contend provides protection to them as independent contractors against age discrimination. We are persuaded plaintiffs can, indeed, legitimately advance a claim that the Hospital refused to contract with them because of their age in violation of N.J.S.A. 10:5-12l.
In contrast to N.J.S.A. 10:5-12a which protects against discrimination with respect to hiring, discharging and the terms and conditions of employment, N.J.S.A. 10:5-12l is directed at refusals to do business with persons because of a protected characteristic.[1] In simpler terms, N.J.S.A. *25 10:5-12a deals with workplace discrimination, N.J.S.A. 10:5-12l addresses refusal to deal.
In relevant part, N.J.S.A. 10:5-12l provides:
It shall be an ... unlawful discrimination:

l. For any person to refuse to buy from, sell to, lease from or to, license, contract with, or trade with, provide goods, services or information to, or otherwise do business with any other person on the basis of race, creed, color, national origin, ancestry, age, sex ... of such other person....

[N.J.S.A. 10:5-12l]
Plaintiffs contend their contract was terminated because of their age. If they can show this was so, it would seem to be a refusal to contract with, or perhaps, continue to contract with them on the basis of age, in contravention of this statute. This conclusion is compelled by the plain language of the statute. Absent a clear indication to the contrary, language in a statute is to be read in accordance with its plain and ordinary meaning. Service Armament Co. v. Hyland, 70 N.J. 550, 556, 362 A.2d 13 (1976). To distinguish between a refusal to enter into a contract and the termination of a contract where the motivation is illegal discrimination would mock the beneficial goals of the LAD, remedial legislation which should be liberally construed to advance its beneficial purposes. Panettieri v. C.V. Hill Refrigeration, 159 N.J.Super. 472, 483, 388 A.2d 630 (App.Div.1978). If, for example, an organization refused to enter into a contract with an architect solely because the architect was a woman, violation of N.J.S.A. 10:5-12l could not be doubted. The same result must follow if the architect's contract is terminated solely because the architect is a woman.
Defendant's argument that N.J.S.A. 10:5-12l does not apply to independent contractors is a non sequitur. The conduct proscribed by N.J.S.A. 10:5-12l is exclusively related to non-employee relationships. Because plaintiffs were not employees but independent contractors, it was the contract to perform work upon which they relied to carry on their pathology practice at the Hospital. The Hospital was not required to contract for their services but could not refuse to do so for discriminatory reasons. Although by way of dicta, a similar conclusion was reached by Judge Carchman in Behringer Est. v. Princeton Med. Ctr., 249 N.J.Super. 597, 643, 592 A.2d 1251 (Law Div.1991).
Defendant's reliance on Pukowsky is misplaced. Pukowsky involved workplace discrimination, sexual harassment; conduct prohibited by N.J.S.A. 10:5-12a. The case stands for no more than the proposition that only employees are protected by the provisions of subsection a. This is a conclusion which we have already recognized in section I of this opinion. Moreover, we note that Pukowsky relies heavily on federal decisions involving Title VII, a federal statute analogous to N.J.S.A. 10:5-12a. There is no federal statute analogous to N.J.S.A. 10:5-12l.
Reversed and remanded for further proceedings in conformance with this opinion.
NOTES
[1] Section l was added to N.J.S.A. 10:5-12 by L. 1977 c. 96 for which we have found no legislative history. See In the Matter of the Estate of Hersh, 195 N.J.Super. 74, 78, 477 A.2d 1286 (App.Div.1984), certif. denied, 99 N.J. 185, 491 A.2d 689 (1984). This section was inadvertently omitted in L. 1977 c. 122 and restored in L. 1979 c. 86. Nor have we been able to find any analogous statutes in other states. Even reference in case law is sparse. Apart from the dicta in Behringer Est., infra, there is a passing mention in Horn v. Mazda Motor of America, 265 N.J.Super. 47, 63, 625 A.2d 548 (App.Div.1993), certif. denied, 134 N.J. 483, 634 A.2d 528 (1993).