**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5297-16T3

LEWIS SEAGULL and
GAIL SEAGULL, his wife,

     Plaintiffs-Appellants,

v.

SARAH CHANDLER, DANIEL
O'DAY, CHARLES NELSON,
MELISSA SCOTT, and LUIS DIAZ,

     Defendants,

and

JOSEPH CRONIN, SUZANNE
BOUSQUET, NICOLE RODRIGUEZ,
KATHRYN INSKEEP, MARIA
INGELMO, PHILIP CONNELLY,
GERI-ANN BENEDETTO, and
KEAN UNIVERSITY,

     Defendants-Respondents.

_____

Argued March 27, 2019 – Decided May 2, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-1403-15.

Lewis Seagull, appellant, argued the cause pro se.

Lauren Amy Jensen, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Shaffer, Assistant Attorney General, of counsel; Lauren Amy Jensen, on the brief).

PER CURIAM

Plaintiffs Lewis and Gail Seagull[1] appeal from the March 4, 2016, March 3, 2017 and June 9, 2017 orders dismissing their complaint against Kean University (Kean) and its employees. Lewis was an adjunct professor of English at Kean from 2002 until 2013. He also enrolled as a master's student in 2012. Lewis was not offered another contract to work as an adjunct professor after the spring 2013 semester. On April 17, 2015, plaintiffs filed an initial complaint against Kean and various employees, alleging wrongful termination and that, while a master's student, Lewis was harassed, bullied, and his rights were violated. The motion court ultimately dismissed all counts in plaintiffs' fifth amended complaint, for failure to timely file a notice under the New Jersey Tort

_____

[1] We refer to the parties by their first names for clarity, and intend no disrespect. When Lewis in his brief refers to a singular plaintiff, we presume he refers to himself.

Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, failure to file a more definite statement, and failure to state a claim upon which relief can be granted. We affirm substantially for the reasons stated by the motion court.

Plaintiffs' fifth amended, and final, complaint alleges: (1) "Hostile Work Environment Due to Continuous Harassment"; (2) "Breach of Duty to Student Causing Injury"; (3) "Breach of Duty to Provide Advisement"; (4) "Retaliatory Discharge in Violation of Public Policy"; (5) "Tortious Interference with Prospective Economic Advantage"; (6) "Breach of Implied Covenant of Good Faith and Fair Dealing"; (7) "Breach of Oral Contract"; (8) "Failure to Notify Plaintiff of Termination of Employment"; (9) "Defamation and 'False Light'"; (10) "Claim on Book Account"; (11) "Intentional Infliction of Emotional Distress"; (12) "Mandatory Injunction to Correct Pension"; (13) "Mandatory Injunction to Correct Grades"; (14) "Claims of Gail Seagull"; and (15) "Claim for Counsel Fees."

On March 4, 2016, the motion court dismissed counts two, three, four, five, six, seven, eight, nine, thirteen, and fourteen with prejudice.[2] The motion

_____

[2] On March 4, 2016, count nine was dismissed with prejudice on the record, because it did not state a claim and also was not included in the notice of tort claim. Count fourteen was also dismissed with prejudice on the record for failure to state a claim, but the order did not reflect the "with prejudice"

court also dismissed counts ten and eleven without prejudice. The motion court found that a notice of tort claim for counts four through eight was not filed timely. N.J.S.A. 59:8-8(a) (requiring that a notice be filed within ninety days of the accrual of the cause of action). Plaintiffs did not file their notice until May 8, 2015, although Lewis stopped working as an adjunct professor in May 2013. The motion court found that plaintiffs' cause of action arose no later than the beginning of the fall 2013 semester, when Lewis did not receive a new teaching contract. The motion court dismissed count nine because it was not included in plaintiffs' untimely notice of tort claim.

On March 4, the motion court also found that count four failed to make out a prima facie claim under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.[3] On May 17, 2016, the court ordered plaintiffs to file a more definite statement as to count one. The court directed Lewis to "state clearly whether he alleges [a claim under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49] of failure to contract on [the]

_____

dismissal of either count nine or fourteen. On June 9, 2017, the court stated it had dismissed both counts without prejudice.

[3] The motion court also dismissed counts two, three, ten, eleven, thirteen, and fourteen because they failed to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). She found counts four through nine also failed to state a claim.

basis of age, or if he alleges employment status." When Lewis failed to file a further statement as directed, on March 3, 2017, the court dismissed count one with prejudice for failure to state a claim upon which relief can be granted. On June 9, 2017, the court also dismissed counts twelve and fifteen with prejudice for the same reason. Each time the court dismissed a count in the complaint, it articulated on the record its reasons for doing so.

On appeal, plaintiffs state about Lewis: "Although he was an 'at will' employee, who could be fired for any reason or no reason, he could not be fired for the wrong reason." Yet Lewis concedes he was not terminated while an employment contract was in effect. He argues that he was on a list of potential adjunct professors, until he was improperly stricken from that list. As defendants point out, plaintiffs refer to documents on appeal that were not incorporated into their complaint. Plaintiffs also refer to a recorded conversation, in which Lewis was allegedly led to believe he would remain an adjunct professor after the spring 2013 semester, which is not part of the record. Plaintiffs claim Lewis was discriminated against because he was an adjunct professor and adjunct professors have been relegated to a "precariat" or "serf" class. Plaintiffs also allege that as a student, Lewis was discriminated against

because he was sixty years old and because defendant Sarah Chandler had a "disdain for all white males of privilege."

Plaintiffs, appearing pro se, present the following issues on appeal:[4]

> POINT I: ALLEGATIONS OF INJURY DUE TO HARASSMENT AND ABUSE BY A TEACHER AGAINST A STUDENT STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED.
>
> POINT II: THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT ARE NOT, AS A MATTER OF LAW, TIME-BARRED.
>
> POINT III: PLAINTIFF DID COMPLY WITH THE PROCEDURES OF THE NEW JERSEY CONTRACTUAL LIABILITY ACT, SO HIS CLAIM ON A BOOK ACCOUNT SHOULD NOT HAVE BEEN DISMISSED.
>
> POINT IV: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RESOLVING FACTUAL ISSUES IN DETERMINING A MOTION TO DISMISS ON THE PLEADINGS UNDER R. 4:6-2(e).
>
> POINT V: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING PLAINTIFF'S ALLEGATION OF WRONGFUL DISCHARGE IN VIOLATION OF AN EXPRESS MANDATE OF PUBLIC POLICY.

---

[4] Plaintiffs do not "include in parentheses at the end of the point heading the place in the record where the opinion or ruling in question is located or if the issue was not raised below a statement indicating that the issue was not raised below." R. 2:6-2(a)(1).

POINT VI: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING AS INVALID PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR NOT REPORTING ACCURATE INFORMATION TO THE STATE REGARDING HIS DATES OF SERVICE FOR HIS PENSION.

POINT VII: PLAINTIFF WAS AN EMPLOYEE OF KEAN UNIVERSITY UNDER THE LAD, COMMON LAW TORT, AND C.E.P.A.

POINT VIII: THIS LAWSUIT ADDRESSES IMBALANCES IN THE POWER STRUCTURE IN INSTITUTIONS OF HIGHER EDUCATION-SPECIFICALLY THE DENIGRATION OF ADJUNCT FACULTY-WHICH RAISES AN IMPORTANT ISSUE OF PUBLIC POLICY.

POINT IX: THE TRIAL JUDGE COMMITTED ERROR WHEN SHE RESOLVED FACTUAL DISPUTES REGARDING MOTIVE.

POINT X: THE TRIAL JUDGE BETRAYED HER PREJUDICE AGAINST PRO SE LITIGANTS IN HER COMMENTS FROM THE BENCH.

In August 2002, Kean hired Lewis as an adjunct professor of English. Each semester Lewis received new, semester-long contracts to teach English courses. In his fifth amended complaint, Lewis acknowledged that "no adjunct professor ha[d] an entitlement to future contracts, but those in good standing ha[d] a reasonable expectation that future contracts [would] be forthcoming and

7

that the relationship [would] be renewed, semester by semester." Kean did not offer plaintiff another contract to teach after the spring 2013 semester.

Lewis admits in June 2013 his nameplate was removed from the Kean English Department mailbox. He states that on June 11, 2015 "he was formally notified, in writing, that he was terminated," by which he means he was struck from the list of potential adjunct professors by a written notice, which he did not attach to the complaint.

In 2011, while teaching as an adjunct professor, Lewis was admitted to Kean's English and Writing Studies master's degree program and began taking classes in the spring 2012 semester. Lewis was awarded his master's degree in 2016.

Lewis' claims of harassment and bullying stem from his enrollment in defendant Chandler's class. Chandler was a tenured professor of English and director of Kean's "MA English and Writing Studies Graduate Program" until her retirement in 2014. Lewis alleges Chandler "abused him from the moment she began teaching him" because she "'look[ed] down' on adjunct professors," and her "failed former marriage" led her to make Lewis "a proxy-victim for every white male Chandler detested." The alleged tension came to a head while Lewis was enrolled in her "Writing as Being, Saying and Doing" class during

8

the spring 2013 semester. As an assignment, each student was required to engage in a two-hour, audio-taped interview with Chandler. The student was directed to prepare a transcript of the interview for Chandler so she could "post [it] on a public website." Lewis did not want his transcript posted, which led to arguments with Chandler concerning research ethics.

On March 4, 2016, when it dismissed counts two through eleven, thirteen and fourteen of plaintiffs' fifth amended complaint, the motion court concluded the May 2015 notice of tort claim was untimely because Lewis had not had a contract or taught for four semesters. The court stated:

> What I'm seeing here, if anything, in terms of the allegation[s] and reading them as favorably as I can for the plaintiff, as I must on a [m]otion to [d]ismiss a [c]omplaint, is an allegation that he was not rehired as an adjunct -- that he was not given another contract as an adjunct because of discrimination based on his age. And all of the things that he complains about, while not in themselves actionable -- I didn't get an A. I thought I was entitled to an A. As a student I should have been doing better and she told me that I wasn't going to do better, never ever regardless of how well I -- how -- how great my papers were or anything like that. All of that is not really actionable under Law Against Discrimination. It really deals with employment practices not student practices. And I -- I think courts are going to be loath to reach their hands into how universities conduct themselves and how -- how they grade students.

However, if that's evidential in terms of an age discrimination in failure to contract, that's fine. We think of it as evidence, not as a cause of action. Okay.

So . . . based on the facts in front of me, it appears that plaintiff is an independent contractor and not an employee for purposes of LAD, but I can't make a finding on that on this record. So that's . . . another issue.

So if he -- but certainly in saying that his contracts were not renewed, the failure to contract because of age based, that is an actual . . . cause of action. That's a legitimate cause of action under the . . . LAD.

The issue is timing under Tort Claim, however. Because as I have said, by at least the second time they didn't contract with him, plaintiff had a pretty good inkling that this was something that was going to happen. So if there's no contract by September of two -- 2013 and the beginning of the Spring semester of 2014, it seems like you should know that there's a problem.

On March 3, 2017, the court dismissed count one of plaintiffs' fifth amended complaint after Lewis failed to comply with the court's previous order directing him to file a more definite statement. In reaching its decision, the trial court stated:

THE COURT: . . . So I'm just going to dismiss the first count because that's the count that -- to which my -- my order of May [17], 2016 was directed and, you know, reiterate there's a lot in here and I think really a lawyer's guidance would be wonderful for you, Mr. Seagull, to just try to fig-- I know you do have legal training, I

know you have been a lawyer, you've told us that, but sometimes when it's yourself it's --

[LEWIS]: Agreed.

. . . .

THE COURT: You don't have the objectivity to parse out what's a good claim, what isn't a claim, what do I leave aside, maybe something's evidential but not actionable.

So, you know, I -- I think that would be great if you do get a lawyer to -- to deal with the issues that you have here. So I'm just going to -- I did issue that order about the more definitive statement. I -- I even wrote on the order really what's -- what's the issue here, I -- because you're mixing up being a student and being a fac-- adjunct faculty member.

It's not clear whether you're suing under LAD for failure to contract . . . or continue the contractual relationship because of an age discrimination for which whatever happened in Professor Chandler's class might be just evidence of -- you know, so it's all -- it's all mixed up.

They don't know whether they're dealing with a failure to contract or whether they're dealing with you're alleging to be an employee.

On June 9, 2017, the court dismissed with prejudice the remaining counts, twelve and fifteen, of plaintiffs' fifth amended complaint. As for count fifteen, the claim for counsel fees, the court stated: "There is -- there's no attorney in this case. There's no substantive claim to -- that would entitle someone to

11

attorney's fees." Referring to count twelve, plaintiffs' pension claim, the court stated:

> I can't involve myself in Pensions and Benefits and correcting what you think is something wrong. I mean, I think you should work with Kean and work with Pensions and Benefits. If you go down to Pensions and Benefits and say, look, here, I've been working since 2002. Here's my proof. Here's my Tax Return. Here's everything I have. Then they've got to correct that for you. Okay.

We review a trial court's grant of a motion to dismiss de novo. Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017). We will "consider, and accept as true, the facts alleged in the complaint to ascertain whether they set forth a claim against [the moving party] upon which relief can be granted." Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). "Obviously, if the complaint states no basis for relief and discovery would not provide one, dismissal [of the complaint] is the appropriate remedy." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

A plaintiff must make a prima facie claim of retaliation under CEPA, N.J.S.A. 34:19-1 to -14. Lippman v. Ethicon, Inc., 222 N.J. 362, 380 (2015). A plaintiff must demonstrate that:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or

regulation promulgated pursuant to law, or a clear mandate of public policy;

(2) he or she performed a "whistle-blowing" activity described in N.J.S.A. 34:19–3(c);
(3) an adverse employment action was taken against him or her; and

(4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

[Ibid. (quoting Dzwonar v. McDevitt, 177 N.J. 451, 462 (2003)).]

When alleging a claim of negligence, a plaintiff must articulate facts sufficient to show the following elements:  "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages."  Jersey Cent. Power & Light Co. v. Melcar Utility Co., 212 N.J. 576, 594 (2013).

When making a breach of contract claim, a plaintiff must prove "the existence of a contract and that the defendant breached that contract and caused damages."  Sun Source, Inc. v. Kuczkir, 260 N.J. Super 256, 268 (App. Div. 1992).  A plaintiff must first prove a contract exists before making a claim that a defendant breached the implied covenant of good faith and fair dealing.  See Kalogeras v. 239 Broad Ave., LLC, 202 N.J. 349, 366 (2010) (noting that "every contract in New Jersey contains an implied covenant of good faith and fair

13

dealing") (quoting <u>Sons of Thunder, Inc. v. Borden, Inc.</u>, 148 N.J. 396, 420 (1997)).

As the court discussed, if Lewis had filed a complaint under the LAD within 180 days of Kean's alleged failure to contract with him because of his age, the complaint may have survived summary judgment. N.J.S.A. 10:5-12(l); N.J.S.A. 10:5-18; <u>see also</u> <u>Rubin v. Chilton</u>, 359 N.J. Super. 105, 109-10 (App. Div. 2003) (finding that N.J.S.A. 10:5-12(l) "is directed at refusals to do business with persons because of a protected characteristic," and independent contractors may "legitimately advance a claim" of age discrimination under this statute). Plaintiffs did not raise an LAD claim and maintain on appeal that "[Lewis] never claimed age discrimination under the LAD."

We affirm substantially for the reasons expressed by the motion court in its patient and thorough explanation prior to dismissing each count of plaintiffs' fifth amended complaint.

Plaintiffs' claim that the motion court unfairly took the side of the "establishment" when Lewis "sp[oke] truth to power" is unconvincing. Like all litigants, plaintiffs had the obligation of filing a complaint that complied with legal requirements.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5297-16T3