**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2647-17T4

TAMIKA COVINGTON,

     Plaintiff-Appellant,

v.

CENTRAL JERSEY DISTRICT
BOARD #193 OF I.A.A.B.O.
CORP., a/k/a INTERNATIONAL
ASSOCIATION OF APPROVED
BASKETBALL OFFICIALS,
BOARD 193, a New Jersey Non-
Profit Corporation; FRED DUMONT,
in his official and individual capacity;
HAMILTON SCHOOL DISTRICT,
a/k/a HAMILTON TOWNSHIP
BOARD OF EDUCATION,

     Defendants-Respondents.

_____

        Argued September 18, 2019 – Decided September 1, 2020

        Before Judges Fuentes, Haas, and Mayer.

        On appeal from the Superior Court of New Jersey, Law
        Division, Mercer County, Docket No. L-1674-15.

        David Zatuchni argued the cause for appellant.

Andrew Lee Watson argued the cause for respondents International Association of Approved Basketball Officials Board 193 and Fred Dumont (Pellettieri, Rabstein and Altman, attorneys; Andrew Lee Watson, of counsel; Elyse Claudine Herman, on the brief).

Casey P. Acker argued the cause for respondent Hamilton School District (Lenox Law Firm, attorneys; Gregory J. Giordano, of counsel; Casey P. Acker, on the brief).

PER CURIAM

Plaintiff Tamika Covington works as an official in high school basketball games under the auspices of the International Association of Approved Basketball Officials Board 193 (Board 193), a nonprofit organization. Board 193 has the exclusive authority to assign basketball officials to oversee games in area high schools. Plaintiff filed a civil action in the Law Division against the Hamilton Township School District Board of Education (Hamilton School District), Board 193, and its president Fred Dumont, alleging gender discrimination under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. Plaintiff claims defendants intentionally excluded her from officiating in boys basketball games because of her sex.

Plaintiff appeals from an order entered by the motion judge granting the Hamilton School District's summary judgment motion and dismissing her

complaint as a matter of law. The motion judge found plaintiff cannot assert a claim of gender discrimination against the Hamilton School District under the LAD because she was not an employee. As a corollary of this reasoning, the judge found that plaintiff's claims against Board 193 and Dumont, as aiders and abettors of the Hamilton School District's alleged discriminatory policy, were also not cognizable as a matter of law.

In this appeal, plaintiff argues the motion judge erred in finding plaintiff was not an employee of the Hamilton School District. Alternatively, she argues the judge misapplied principles of issue preclusion to bar her from asserting a claim of gender discrimination against defendants in her capacity as an independent contractor under N.J.S.A. 10:5-12(l). Defendants argue the judge correctly granted their motions for summary judgment because plaintiff's claims are barred by the United States District Court's ruling concerning her employment status. Furthermore, even if we were to disagree with the preclusion argument, Board 193 and Dumont argue plaintiff's LAD claims as an independent contractor are barred by the two-year statute of limitations.

We hold that plaintiff's complaint alleging LAD claims against defendants as an independent contractor are not barred by the doctrines of res judicata or collateral estoppel based on the United States District Court's decision to deny

3

plaintiff's motion to amend her federal complaint to include such a claim. We nevertheless affirm the order granting defendants' motion for summary judgment because plaintiff's LAD claims are barred by the two-year statute of limitations.

I.

Because the motion judge dismissed this case on summary judgment, we will consider all of the relevant material facts in the light most favorable to plaintiff, including any and all inferences that can be rationally drawn therefrom. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c). We review the court's order granting summary judgment de novo. Green v. Monmouth University, 237 N.J. 516, 529 (2019).

Plaintiff asserted the following facts in a certification she submitted in opposition to defendants' motions for summary judgment:

> I joined Board 193 in or about 1996 because Board 193 was the association that exclusively and solely assigned all the basketball officials for the Schools Districts locally in central New Jersey where I lived, including for Trenton, Princeton, Hamilton, Ewing, Hightstown, Hopewell Valley, Lawrence, West Windsor, Allentown, Robbinsville, as well as various local private and preparatory schools. If I wanted to be involved and participate as a basketball official in central New Jersey, I had to become a member of Board 193 since the local Athletic Directors of the School Districts used only Board 193 as their assigning organization.

A-2647-17T4

[(emphasis added).]

The Hamilton School District pays a fee to the basketball officials assigned by Board 193. The amount of monetary compensation is determined by the school districts and is non-negotiable. Officials are paid through a voucher system and are not entitled to receive any benefits. The Hamilton School District does not deduct income taxes from an official's compensation nor issue W-2 tax forms to document the amount of compensation it paid in a given tax-year. Instead, school districts provide officials with a 1099 independent contractor form only if the amount of compensation it paid to the official exceeds $600 in a given tax-year.

As a high school basketball official, plaintiff is required to wear a uniform to referee a game. The Hamilton School District does not provide the official's uniforms. The games take place within the school district at a time and location determined by the school district. Coaches and athletic directors who are employed by school districts may request Board 193 not to assign a particular official. The Hamilton School District has never exercised this prerogative. Board 193 is exclusively responsible to train, evaluate, and assign officials to area high school basketball games.

A-2647-17T4

Plaintiff initially filed her complaint against Board 193 and Dumont in the United States District Court for the District of New Jersey on July 21, 2008. She alleged gender discrimination and retaliation in violation of federal and state law. Plaintiff amended this complaint in June 2009 to add the Hamilton School District as a defendant. Plaintiff's current counsel became involved in this case in 2010. Plaintiff filed a second amended complaint on September 25, 2010. In this second amended complaint, plaintiff included the following factual claims relevant to the issues raised in this appeal:

> 32. Board 193 operates as a closed shop "assignor" of basketball officials in the Central New Jersey area to schools, conferences, and tournaments.
>
> . . . .
>
> 34. The persons who assign basketball officials on behalf of Board 193 are Board 193 members and officers that hold the formal title of "Assignor."
>
> 35. The Assignors of Board 193 were placed into this role and position by President Fred Dumont and/or the governing committee of the Board.
>
> 36. The Assignors at all relevant times understood themselves to be acting on behalf of Board 193, and were at all relevant times held out by Board 193 as Assignors acting on behalf of the Board.
>
> 37. It is the job of the Assignors of Board 193 to provide schools, conferences, and tournaments with

basketball officials and to match officials with officiating employment opportunities at schools.

38. Accordingly, Board 193 qualifies as an "employment agency" pursuant to 42 U.S.C. 2000e-2(b). This provision of Title VII makes it unlawful "for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual" on the basis of sex.

In an order dated July 29, 2011, United States District Judge Garrett Brown granted defendants' motion to dismiss plaintiff's federal law claims stated in her second amended complaint. Judge Brown also declined to assert supplemental jurisdiction over plaintiff's state law claims and dismissed these state claims without prejudice. Plaintiff appealed Judge Brown's order to the Third Circuit Court of Appeals. The Third Circuit reversed Judge Brown's decision and remanded the case to the District Court to permit plaintiff to provide additional facts in support of her federal claims. Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013).

At this stage of the litigation, plaintiff asserted federal legal claims against Board 193; the New Jersey State Interscholastic Athletic Association (NJSIAA), the entity that controls and supervises post-season tournament games and assigns officials to referee those games; the International Association of Approved Basketball Officials (IAABO), and the Colonial Valley Conference

7

(CVC). The Third Circuit noted, however, that plaintiff had not made any federal claims against Dumont. Id. at 117 n. 2. The Third Circuit upheld the District Court's decision to dismiss with prejudice plaintiff's claims against IAABO and CVC, and remanded the "matter to the District Court to give Covington an opportunity to provide more facts as to her claim against [the] Hamilton [School District], Board 193, and NJSIAA." Id. at 120.

On remand, the District Court conducted a scheduling conference. While discovery was still ongoing, plaintiff sought to file a third amended complaint. In a letter dated April 24, 2013 addressed to the Magistrate Judge, plaintiff's counsel stated:

> Defendants in this matter claim that Ms. Covington is an independent contractor rather than an employee in the provision of her basketball officiating services, and therefore there can be no liability under her federal cause of action under Title VII.
>
> The purpose of the proposed amendment is to clarify in the pleadings that even if [d]efendants are correct that Ms. Covington is an independent contractor rather than an employee, this does not dispose of their liability under Ms. Covington's State law supplemental claims under the LAD.

The Magistrate Judge denied plaintiff's motion to amend her complaint for a third time. In a memorandum of opinion in support of his decision, the Magistrate Judge first determined that the scope of the remand ordered by the

A-2647-17T4

Third Circuit did not confine him to only reviewing Title VII claims. The District Court also had supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367(a). The Magistrate Judge noted that plaintiff sought to amend her complaint for a third time to include a claim against the Hamilton School District, in her role as an independent contractor, for engaging in alleged discriminatory practices based on sex under N.J.S.A. 10:5-12(l)[1] of the LAD.

The Magistrate Judge noted that "[w]hile such amendments are to be liberally granted, such liberality does not extend to amendments that are unduly delayed, prejudicial, made in bad faith or futile." The Magistrate Judge first addressed the question of timeliness and noted the case was then "more than five years old."[2] Plaintiff had twice amended the complaint. Discovery was complete and the parties were "on the eve of filing dispositive motions." "[O]ther than the oversight of counsel[,]" plaintiff did not offer any grounds for not including this theory of liability earlier.

---

[1] Under N.J.S.A. 10:5-12(l), it is an unlawful employment practice or unlawful for any person to refuse to contract with any person on a variety of bases, including sex, gender identity or expression, and/or affectional or sexual orientation.

[2] The Magistrate Judge issued the decision on October 11, 2013.

A-2647-17T4

Finally, despite plaintiff's counsel then belated discovery of our then three-year-old decision in J.T.'s Tire Service, Inc. v. United Rentals North America, Inc., 411 N.J. Super. 236 (App. Div. 2010), we have repeatedly reaffirmed the LAD's public policy that prohibits the refusal to do business with an independent contractor based on sex. Id. at 240 (citing Nini v. Mercer County Cmty. Coll., 406 N.J. Super. 547, 557 (App. Div. 2009); Rubin v. Forest S. Chilton, 3rd, Mem'l Hosp., Inc., 359 N.J. Super. 105, 110-11 (App. Div. 2003); Horn v. Mazda Motor of Am., Inc., 265 N.J. Super. 47, 63 (App. Div. 1993)). In this light, the Magistrate Judge found that whether due to attorney oversight or the result of a strategic decision, "the fact remains that it is incumbent on the party seeking to amend to show that there has been no undue delay in bringing the amendment before the [c]ourt." The Magistrate Judge found plaintiff did not provide a reasonable explanation to justify this undue delay in seeking to amend her complaint for a third time.

The Magistrate Judge next concluded that allowing plaintiff to amend her complaint at this phase of the litigation would also prejudice defendants. He emphasized that throughout more than five years of discovery, defendants' defense strategy had been predicated on plaintiff's alleged employment relationship. By the time plaintiff's motion to amend her complaint for a third

10

time was ripe for disposition in November 2013, the discovery period had been closed for five months. Against this backdrop, the Magistrate Judge found defendants' claim of prejudice "compelling."

> In large part, this is due to the fact that they built their defense based upon evidence of their employment of women. If the focus were to change to [p]laintiff as an independent contractor, they, and particularly [the Hamilton School District], would in turn want to shift the evidence supporting their defenses, to include other women with whom they have contracted over the years. In the context of athletic relationships, and more particularly women referees, they note that this would entail reaching out to [Hamilton School District's] former athletic directors, many of whom have retired and some of whom have passed away in the ten years since [p]laintiff's claim first arose. While that evidence may have been available to them in 2008 when the [c]omplaint was first filed, [most] of it is likely gone at this late stage.

The Magistrate Judge thus denied plaintiff's motion to amend her complaint for a third time "both because it is untimely at this late stage of the litigation, and because allowing it would clearly impose substantial prejudice on the [d]efendants remaining in the case."

## II.

Plaintiff filed this LAD action in the Mercer County Law Division on July 13, 2015, alleging gender discrimination as an employee of the Hamilton School District, and characterizing Board 193 and Dumont as aiders and abettors.

11

Alternatively, plaintiff alleged she was entitled to relief as an independent contractor under N.J.S.A. 10:5-12(l).  The Hamilton School District moved for summary judgment before the Law Division judge arguing plaintiff was not its employee and was procedurally barred from relitigating her claims as an independent contractor based on the Federal District Court's ruling.

On January 16, 2016, the Law Division judge granted the Hamilton School District's motion and dismissed the case with prejudice.  Applying this court's twelve-factor test for determining the employment status of a litigant in Pukowsky v. Caruso, 312 N.J. Super. 171, 182-83 (App. Div. 1998),[3] the motion judge concluded plaintiff has never been an employee of the Hamilton School District.  The Hamilton School District argues that based on the Federal District Court's earlier ruling, plaintiff was precluded under res judicata from relitigating the question of her employment status in the Superior Court.  Alternatively, defendants argue the motion judge correctly applied the test in Pukowsky to conclude plaintiff was not an employee of the Hamilton School District.

---

[3] Our Supreme Court has adopted the twelve-factor "hybrid" approach in Pukowsky for determining whether a party seeking relief under the LAD is an employee of the defendant.  D'Annunzio v. Prudential Ins. Co. of America, 192 N.J. 110, 123 (2007); see also Estate of Kotsovska, ex rel. Kotsovska v. Liebman, 221 N.J. 568, 594 (2015).

A-2647-17T4

We disagree that plaintiff was barred under res judicata from asserting this LAD claim in the Superior Court.

> The principle of res judicata has evolved principally in the judicial system to prevent the same claims involving the same parties from being filed and brought before a court repeatedly. Velasquez v. Franz, 123 N.J. 498, 505 (1991). It is a salutary rule that respects the finality of the initial decision, limits the burden of litigation on adverse parties, and removes unnecessary litigation from the courts.
>
> [Ten Stary Dom Partnership v. Mauro, 216 N.J. 16, 39 (2013).]

Here, the Federal District Court exercised its supplemental jurisdiction to review and deny plaintiff's motion to amend her complaint to assert a claim against defendants under the LAD as an independent contractor. The Federal Court's ruling denying the motion to amend did not reach the underlying merits of plaintiff's claims. In Velasquez, the Court explained:

> The rationale underlying res judicata recognizes that fairness to the defendant and sound judicial administration require a definite end to litigation. The doctrine evolved in response to the specific policy concerns of providing finality and repose for the litigating parties; avoiding the burdens of re[-]litigation for the parties and the court, and maintaining judicial integrity by minimizing the possibility of inconsistent decisions regarding the same matter.
>
> [123 N.J. at 505.]

13

The doctrine of res judicata contains three basic elements: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991). For a ruling to have preclusive effect, "it must be a valid and final adjudication on the merits of the claim." Velazquez, 123 N.J. at 506.

Here, the issues before the Federal Magistrate Judge and the Law Division judge were not identical. The federal court was asked to decide whether to grant plaintiff's motion to amend her complaint for a third time. The Law Division was asked to apply the standard codified in Rule 4:46-2(c), and determine whether plaintiff's complaint was legally sustainable. Of particular relevance to this analysis, the Federal Magistrate Judge did not conclude that plaintiff's independent contractor claim was futile.

Despite its silence as to a limitations period, it is now well-settled that the two-year limitations period of N.J.S.A. 2A:14-2 applies to LAD claims, "regardless of the underlying factual nature of the particular LAD claim." Rodriguez v. Raymours Furniture Co. Inc., 225 N.J. 343, 357 (2016) (citing

Montells v. Haynes, 133 N.J. 282, 291-92 (1993)). Although this issue was raised by defendants at oral argument, the motion judge did not decide the summary judgment motion on this basis. However, it is long-settled that "[a] judgment will be affirmed on appeal if it is correct, even if the judge provided the wrong reasons for the decision." Neu v. Planning Bd. of Tp. of Union, 352 N.J. Super. 544, 551 (App. Div. 2002).

Plaintiff filed her Superior Court complaint on July 13, 2015. Every deposition taken in this proceeding occurred prior to July 13, 2013. The last basketball season plaintiff identified to demonstrate she was discriminated because of gender occurred from November 2012 to April 2013. All the certifications relied on by plaintiff were signed before July 13, 2013. In short, there is no evidence in the record supporting that an alleged LAD violation occurred after July 13, 2013. Plaintiff was not an employee of the Hamilton School District and thus not protected by the LAD. We discern no basis to overturn the Law Division's order granting defendants' motion for summary judgment and dismissing as a matter of law plaintiff's claims as an independent contractor under N.J.S.A. 10:5-12(l).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-2647-17T4